BERKELEY v. KENNEDY et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

ADMINISTRATOR — FINAL SETTLEMENT — DISTRIBUTION — DEFAULT — OPENING JUDGMENT.

> Where appellant claimed an interest in an estate, but through the negligence or fraud of her attorney failed to appear in the action judicially settling the estate, but acquiesced in the judgment by default, and consented to distribution under a valid decree, an order opening the judgment by default was properly set aside.

Appeal from special term, New York county.

Action by Lancelot M. Berkeley, as substituted trustee under the will of Patrick H. Kennedy, deceased, against Mary Kennedy, as administratrix of the estate of Michael Kennedy, deceased, and others.. From an order vacating an order vacating a judgment, and opening the default of Jane Kennedy, defendant, she appeals. Affirmed.

This action was brought on or about the 29th day of September, 1900, for a judicial settlement of the accounts of this plaintiff as trustee under the will of Patrick H. Kennedy, deceased, joining as defendants all the persons having an interest in the estate of deceased. The complaint in the action does not appear in the record, but it appears from the various affidavits used in the motions made in the action that the defendant Mary Kennedy, as administratrix of her deceased husband, Michael Kennedy, claimed a one-third share or interest in the estate of plaintiff's testator under the provisions of his will, and the defendant Jane Kennedy, as executrix of the will of her deceased husband, Joseph Kennedy, claimed the same interest under an alleged assignment made by Michael Kennedy to her testator in his lifetime. Jane Kennedy is the appellant herein. It is alleged that these two defendants, having these adverse interests, attempted to appear in the action by one Michael J. Sweeney, who served on their behalf a notice of appearance, but that said notice of appearance was improper in form, and it was returned for that reason; whereupon said Sweeney made a motion to compel the plaintiff's attorney to accept the notice, which motion was denied, with leave to renew in five days, but the motion never was renewed, and the said defendants remained in default. It appears that thereafter a judgment was duly and properly entered by default judicially settling the accounts of the plaintiff, and directing distribution; that the judgment, pursuant to a prayer contained in the complaint, directed that the share claimed by each of these defendants, Mary and Jane Kennedy, as administratrix and executrix, respectively, be paid to the city chamberlain, which was done, the share amounting to $1,008.61. Thereafter said Mary Kennedy, as administratrix, whose bond is in the penal sum of $200, procured through the said Sweeney an order directing the fund in the hands of the city chamberlain to be paid to her or her attorney, and Sweeney immediately procured the whole sum to be paid to him. Thereafter two of the parties to this action appealed from said order to the appellate division, and this court, supposing that the fund was still in court, modified said order by directing that said Mary Kennedy, before receiving the fund, should give security in the surrogate's court in the sum of $1,200, such security to be approved by the surrogate, but, so far as appears from this record, no such security has been given. It is made to appear, further, that said Sweeney has paid to this appellant from said fund the sum of $150, it having been agreed between herself and said Mary that the fund should be divided; and the appellant deposes that Sweeney always told her that the sum received from the chamberlain was only $500; that she expressed surprise that the amount was so small, but that Sweeney told her that his fee was $100, and that the court costs had taken all the rest. On the 18th day of July, 1901, this appellant, Jane Kennedy, obtained an order

opening her default in the action, and allowing her to come in and defend her title to the fund that she had consented should be paid to the respondent. This motion was granted on the ground of the negligence of appellant's attorney. No notice of such motion was given to this respondent, and her attorney deposes that he obtained such information from the Law Journal, and immediately made this motion for the order from which the present appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

James R. Fancher, for appellant.
Michael J. Sweeney, for respondent.

HATCH, J. The complications which have arisen in this action are many and varied, and the case made by the appellant for relief presents some strong features, which would doubtless lead this court to intervene if it justly might. It is made very clear that either through the misconduct of her attorney, or in consequence of her ignorance of the situation and of her rights, she has been deprived in some way of her rightful share of the estate of Patrick H. Kennedy, or of her day in court to establish such right, if any. When this court upon a former appeal (70 N. Y. Supp. 762), in the motion made on behalf of the present respondent, Mary Kennedy, as administratrix, etc., from an order directing the payment to her or her attorney of the fund deposited with the chamberlain of the city of New York, pursuant to the judgment herein, modified the order appealed from, by directing that the said Mary Kennedy file additional security as such administratrix, as a condition to the payment over of the money, it, of course, did so under a misapprehension of the facts. Had the record disclosed that the money was already in the hands of Sweeney, the attorney for the moving party (which it is conceded it did not), no such order would have been granted. Had the full facts then been disclosed, some measure of substantial relief might have been found for this appellant. On the present record, however, and under the existing facts, we see no way to grant her any relief in this action, or in any proceeding which may be had herein.

The order vacated by the order appealed from does not appear in the record, nor do the papers upon which the same was granted; but, from the facts to be gleaned from the very conflicting affidavits, we are of the opinion that the order opening the judgment, excusing the default of the appellant and allowing her to plead in the action, ought not to have been granted. The default is alleged to have been opened on the ground of her attorney's negligence, but from the present record it is attempted to be shown that his acts were fraudulent, and characterized by bad faith. It is but fair to state that the attorney vigorously denies the charges of either negligence or bad faith, and sets up facts tending to show that the present situation is the result of agreements made between the appellant and respondent. Either of the grounds above mentioned would be sufficient to excuse a default under most circumstances, but where, as in this case, no relief can finally be granted, the judg-

ment having been regularly entered, the plaintiff's accounts finally judicially settled, and no complaint having been made as to his administration or to his account, and distribution having been fully made pursuant to the decree, we see no end of justice to be furthered by opening the default, and permitting this appellant to seek to establish her claim, but, on the contrary, it would be unjust to the plaintiff and the other parties in interest. If the appellant succeeded in establishing all she claims, there could be no relief. The plaintiff has made final distribution pursuant to a perfectly valid judgment. Even the appellant does not claim that the portion of the estate paid over to the chamberlain is not the proper amount. The chamberlain has paid over the disputed share pursuant to an order of this court, and we see no good end to be accomplished by continuing that litigation. If the appellant has been defrauded of her rights by her attorney, or by the defendant Mary Kennedy, or by both acting in collusion, her remedy, we think, must be sought in some affirmative action or proceeding against them, as she may be advised. These considerations lead to the affirmance of the order appealed from.

The order should therefore be affirmed, without costs of this appeal to either party. All concur.