Judgment of conviction of the County Court of Kings county affirmed.

---

Nellie C. Doty, Appellant, *v.* Rensselaer County Mutual Fire Insurance Company and Job Doty, Respondents.

Third Department, May 7, 1919.

Real property — husband and wife — oral agreement by husband to give wife life estate — suit in equity for specific performance — sufficiency of complaint — no adequate remedy at law — amended complaint.

A complaint, alleging that the plaintiff's husband gave her a life estate in certain premises in fulfillment of his obligation to support and maintain her as his wife, and that she accepted the same in satisfaction of said obligation, that said agreement has been observed by both parties for several years, and that by reason thereof plaintiff has expended large sums of money in improving the premises and building thereon; that the building having been destroyed by fire and the insurance moneys paid to the defendant, he refuses to rebuild or provide another home for plaintiff and claims that the premises and proceeds thereof belong exclusively to him, and asking a specific performance, *held* to state a cause of action against the husband, and to show that the plaintiff has no adequate remedy at law.

Said pleading was improperly characterized by plaintiff as an amended and supplemental complaint.

Although the alleged agreement between the plaintiff and her husband being oral was legally unenforcible, it does not follow that it is not enforcible in equity.

Where there is doubt as to the sufficiency of a pleading, it is better to permit the same to be served.

Appeal by the plaintiff, Nellie C. Doty, from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Rensselaer

on the 4th day of January, 1919, denying her motion for leave to serve an amended and supplemental complaint.

By the pleading which the plaintiff seeks to serve it appears that she is the wife of the defendant Job Doty; that he abandoned her in the year 1906 and ever since has lived separate and apart from her; that after the abandonment he offered to provide a home for her by giving her the use for life of certain premises with buildings thereon owned by him; that he also offered to keep the house on said premises insured and repaired for her protection and benefit; all in performance of his obligation to maintain and support her; that she accepted his offer in satisfaction of his obligation to provide a home for her and has ever since been in possession and occupied said house and premises under said agreement and that he has maintained the same and paid the taxes thereon and kept the same repaired and insured for her benefit until January 5, 1918, when the house was destroyed by fire; that during the time she occupied said house and premises under said agreement she greatly improved the premises and building thereon by the expenditure of large sums of money; that at the time of the fire there were insurance policies in force upon said dwelling house procured to be issued by her husband pursuant to his said agreement with her, one of which policies issued by the Rensselaer County Mutual Fire Insurance Company, one of the defendants herein, was for the sum of $1,200; that since the commencement of this action said insurance company has " unlawfully paid to the defendant Job Doty the amount due on said policy aforesaid, viz., the sum of $1,200; " that said Job Doty has refused to rebuild the house or to provide another home for the plaintiff and claims that the premises and proceeds of the insurance belong exclusively to him and that plaintiff has no interest therein and that he is wasting and damaging the premises and the life interest of the plaintiff therein. The relief demanded is of an equitable nature.

*Thomas F. Galvin,* for the appellant.

*Northrup R. Holmes* [*Thomas S. Fagan* of counsel], for the respondent Rensselaer County Mutual Fire Insurance Company.

*Thomas S. Fagan,* for the respondent Job Doty.

COCHRANE, J.:

The plaintiff improperly characterizes her proposed pleading as an amended and supplemental complaint. It alleges no material fact occurring since the commencement of the action. The fact that the insurance company has since the commencement of the action paid the policy to the defendant Doty may affect the relief which equity will grant, but equity shapes its relief according to the facts established at the trial, and such relief, so far as it depends on the payment of the policy to the defendant Doty, would not be affected by the presence or absence of that allegation in the complaint. The proposed pleading is in reality an amended complaint.

It is admitted that the agreement between the plaintiff and her husband alleged in the complaint was oral. It is, therefore, legally unenforcible, but it does not follow that it is in equity unenforcible. The rule is stated in *Woolley* v. *Stewart* (222 N. Y. 347, 350) as follows: " An oral agreement to convey an estate or interest in real property, other than a lease for a term not exceeding one year, is nugatory and unenforcible. (Real Property Law [Cons. Laws, ch. 50], § 242.) A party to the agreement may legally and rightfully refuse to recognize or perform it. The breach of a void agreement is not a fraud or a wrong in law. (*Levy* v. *Brush*, 45 N. Y. 589.) He may, however, withdraw himself from the policy and defense of the statute, or waive its protection, by inducing or permitting without remonstrance another party to the agreement to do acts, pursuant to and in reliance upon the agreement, to such an extent and so substantial in quality as to irremediably alter his situation and make the interposition of the statute against performance a fraud. In such a case a court of equity acts upon the principle that not to give effect to those acts would be to allow the party permitting them to use the statute as an instrument defending deception and injustice."

The theory of the plaintiff is that her husband gave her a life estate in the premises in question in fulfillment of his obligation to support and maintain her as his wife and that she accepted the same in satisfaction of such obligation, and that for twelve years this contract has been observed by both parties whereby during all of that time she has relin-

quished such remedies against him as the law recognized for her support and maintenance, and she also alleges that by reason of said agreement she has expended large sums of money in improving the premises. These facts, if established, may entitle her to equitable relief within the rule above enunciated. Perhaps she is not in as favorable a position as she would be except for the partly performed contract. The proposed complaint shows on its face that she has no adequate remedy at law for the enforcement of the void contract. What she seeks is a specific performance of the contract; a very familiar and fertile field for the intervention of equity.

The same principle was involved in *Freeman* v. *Freeman* (43 N. Y. 34) and *Lobdell* v. *Lobdell* (36 id. 327), where partially performed parol contracts to convey real estate were decreed in equity to be specifically performed on the ground that non-performance would work injustice and hardship to the promisees.

The fact that the house has burned and that the husband is in receipt of insurance money as a result thereof does not change the legal situation. The insurance money takes the place of the house. Whatever interest in the house the plaintiff had, a corresponding interest attaches to the insurance which is a substitute for the house. The proposed complaint, therefore, states a cause of action against the defendant Doty.

As to the defendant insurance company it is made a defendant in an equity action merely to enable the plaintiff to reach money which as between the company and her husband concededly belongs to him and in respect to which as between her husband and herself she claims an interest. She makes no independent claim against the company.

We are not now considering the merits of the controversy but the sufficiency of a pleading. If there is any doubt it is better to permit the pleading to be served. (*People* v. *Beguelin,* 184 App. Div. 759; *Merrihew* v. *Kingsbury,* 150 id. 40; *Washington Life Ins. Co.* v. *Scott,* 119 id. 847; *Muller* v. *City of Philadelphia,* 113 id. 92; *Milliken* v. *McGarrah,* 164 id. 110.) The rights of the parties whatever they may be may best be safeguarded by a trial on the merits of the questions raised by the proposed pleading.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, without costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.