BENJAMIN GEDNEY and Another, as Overseers of the Poor of the Town of Lloyd, Appellants, *v.* DOMINICK DIORIO, Respondent.

Third Department, December 29, 1919.

Pleading — vacating judgment entered on pleadings and permitting defendant to plead and interpose amended answer — fraud of attorney — failure to plead defense — merits of pleading not considered on motion for leave to serve — power to permit amendments freely exercised.

Where in an action on an undertaking executed by the defendant, as surety, pursuant to an order of filiation under section 851 of the Code of Criminal Procedure, his attorney, claiming that money received by him was on account of services, failed to interpose the defense of payment, an order vacating the judgment, which was entered on the pleadings, and permitting the defendant to plead and interpose said defense in an amended answer is proper.

Fraud and bad faith of an attorney constitute a sufficient excuse for a default under ordinary circumstances.

It is not the policy of the courts to consider the merits of proposed pleadings on motions for leave to serve them, but such questions must be left to be litigated at the trial.

The power of the court to permit amendments will be freely exercised where the opposite party is not prejudiced thereby.

APPEAL by the plaintiffs, Benjamin Gedney and another, as overseers of the poor of the town of Lloyd, from an order of the County Court of the county of Ulster, entered in the office of the clerk of said county on the 26th day of March, 1919, as resettled by an order entered in said clerk's office on the 7th day of April, 1919, permitting the defendant to plead and interpose an amended answer.

*Andrew Wright Lent,* for the appellants.

*Brinnier, Canfield & Brinnier* [*Palmer Canfield, Jr.,* of counsel], for the respondent.

COCHRANE, J.:

This is an action on an undertaking executed by the defendant as surety pursuant to an order of filiation under section 851 of the Code of Criminal Procedure. The proposed

amended answer alleges the defense of payment of the amounts required by the undertaking. Such payments were made to the defendant's former attorney of record herein who was also one of the justices of the peace who made the order of filiation and approved the said undertaking. Instead of accounting for the money he appropriated it to his own use and failed to interpose the defense of payment in the answer of the defendant. Fraud and bad faith of an attorney constitute a sufficient excuse for a default under ordinary circumstances. (*Berkeley* v. *Kennedy*, 65 App. Div. 613.) It is but fair to the attorney to say that he admits receiving the money but says it was paid to him on account of services rendered by him to the defendant. The plaintiffs also contend that as officers of their town payment was not complete until the money reached their hands. These questions can be litigated at the trial. It is not the policy of the courts to consider the merits of proposed pleadings on motions for leave to serve them. (*Doty* v. *Rensselaer County Mutual Fire Insurance Company*, 188 App. Div. 29; *Washington Life Insurance Company* v. *Scott*, 119 id. 847; *Milliken* v. *McGarrah*, 164 id. 110; *Muller* v. *City of Philadelphia*, 113 id. 92.) The power to permit amendments is freely exercised unless the opposite party is prejudiced thereby. The order under review it is true does more than permit the service of a pleading. It vacates a judgment in favor of the plaintiffs for that purpose. But such judgment was directed on the pleadings. The answer presented no issue for trial. If the judgment had followed the trial of an issue of fact it might be different. Here the plaintiffs can suffer no prejudice nor lose any advantage they would have gained had this proposed answer been seasonably served. There was no improper use of discretion by the county judge in granting the order.

The order should be affirmed, with ten dollars costs and disbursements.

Order unanimously affirmed, with ten dollars costs and disbursements.