**STANLEY et al. v. BANK OF LOGANSPORT et al.**

**No. 2145.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 19, 1931.

E. B. Warren, of Center, for appellants.

Sanders & McLeroy and Davis & Davis, all of Center, for appellees.

WALKER, J.

This was a suit in county court of Shelby county by appellee, Bank of Logansport, a corporation, against R. Stanlay and wife and O. A. Daw, to recover a balance due on a promissory note, and to foreclose a chattel mortgage lien against certain personal property described in plaintiff's petition. The Stanley defendants answered, pleading payment. Defendant Daw answered, pleading suretyship for the Stanleys, and prayed for judgment over against them for any amount he might be forced to pay appellee. The trial was to the court without a jury, with judgment for appellee against all the defendants for the sum of $379.23, with interest from date of judgment, and with foreclosure of lien as prayed for, and with judgment in favor of Daw against the Stanleys. The appeal is by the Stanleys. Daw joined with the Bank of Logansport in asking that the judgment be affirmed.

 Appellants first complain that the judgment of the lower court is against the great weight and preponderance of the evidence. They do not insist, as we understand their brief, that the judgment was without support in the evidence, but only that their theory of the case was supported by the greater weight and preponderance of the testimony. This contention is overruled. The judgment of the court has full support in the evidence offered by appellees, and it was the peculiar province of the trial court to pass upon the weight and credibility of this testimony.

Appellants also assign error against the re-

fusal of the trial court to file conclusions of fact and law. They seasonably filed a written motion asking the court "to state in writing the findings of fact found by him separately from the conclusions of law and to file such findings of fact and conclusions of law with the clerk, so that they shall constitute a part of the record." The issue is presented by proper bill of exceptions, which the court granted with the following qualification: "That filing of the request and demand for the court's findings of fact and conclusions of law was not called to the court's attention after same was filed."

Though a written motion for conclusions of fact and law has been filed, the failure of the trial court to comply with the motion should not constitute reversible error, where the record shows affirmatively, as it shows in this case, that the motion was not called to the court's attention. Housewright v. Housewright (Tex. Civ. App.) 41 S.W.(2d) 1071; Tex. Jur. Vol. 3, p. 508. But the proposition does not constitute reversible error for the following additional reasons: There is a statement of facts in the record; in his judgment the trial court found and recited the facts upon which the judgment was based separately from his conclusions of law; in view of this showing by the judgment, we can say, with the statement of facts in the record, that it affirmatively appears that appellants have suffered no injury. This proposition falls within the rule announced by us in Traders' & General Ins. Co. v. Rouse (Tex. Civ. App.) 39 S.W.(2d) 80.

Judgment affirmed.