## LUND et al. v. DOYNO.
### No. 9003.

Court of Civil Appeals of Texas. San Antonio.

Feb. 8, 1933.

Rehearing Denied March 15, 1933.

Hill & Greer, of Mission, for appellants.

John A. Pope, Jr., of Rio Grande City, for appellee.

FLY, Chief Justice.

Appellee sued Catarina Lund and twelve others to recover 67.5 acres of land out of porcion No. 80, being all of share No. 1, set apart and awarded to appellee by a decree of partition entered in a case styled John J. Young et al. v. Solis et al., in the district court of Starr county. This is a statutory action of trespass to try title, to which pleas of not guilty were made by appellants, and a disclaimer entered to all of said 67.5 acres awarded to Doyno, except certain portions which are claimed by three, five, ten, and twenty-five years of limitation. Appellee dismissed his suit, and the suit shown by a cross-action filed by appellants was tried, and the first and third tracts described in the cross-action were awarded to appellants, and the second and fourth tracts were awarded to appellee. In the judgment the court held that tract 4 was an accretion of the Rio Grande river to tract No. 2, to which appellants had failed to show any right or title by limitation or otherwise.

The testimony as to the possession of appellants for a period of ten years is conflicting. If the testimony of R. Morlen, a son-in-law of Mrs. Lund, be true, she was in possession of tract No. 2, from 1919 until the suit was filed in 1928. The case must have been given careful consideration, because the judge held it under advisement for two years before he rendered his judgment.

■ The first proposition is overruled. It is insisted that the burden was on appellee to show possession, or he could not recover. There was no burden resting upon appellee to show possession after he dismissed his suit. He was, after that action, held in court only through the suit instituted by appellants through their cross-action. By that pleading they became the plaintiffs in the suit, and the burden rested on them to show a title superior to that of appellee. If they recovered, it would be through the strength of their title and not through the weakness of appellee's title. Appellants, in their only proposition, do not claim that appellants had perfected a title by limitation, but seem to rest their case on the claim that appellee had not shown possession of the land, and that appellants had shown that they "had long continuous possession." They failed to show any kind of right or title to the land.

The judgment is affirmed.