## CATARINA LUND ET AL. V. FRANK DOYNO.

No. 6518. Decided February 26, 1936.
(91 S. W., 2d Series, 315.)

*Hill & Greer,* of Mission, for plaintiff in error.

*John A. Pope,* of Rio Grande City, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This was a suit of trespass to try title in which the plaintiffs in error, Catarina Lund and others, as widow and heirs of George Lund, were plaintiffs in cross action and will be here referred to as plaintiffs. They sought recovery of four small tracts of land from defendant in error, Frank Doyno, who will be referred to as defendant. The case was tried in the District Court of Starr County before the court without a jury, and resulted in a judgment in favor of plaintiffs for the land referred to and described as Tracts Nos. 1 and 3. They were denied a recovery of Tracts Nos. 2 and 4. Tract No. 2 appears to be a small strip of land, about 550 feet in length, 105 feet wide at the south end and 134 feet wide at the north end. It is claimed that Tract No. 4 is an accretion to Tract No. 2. It is a strip 105 feet in width and approximately a mile in length. From the judgment denying plaintiffs a recovery of Tracts Nos. 2 and 4 plaintiffs appealed, and the judgment

of the district court was affirmed by the Court of Civil Appeals. 57 S. W. (2d) 868.

In the Court of Civil Appeals plaintiffs presented but one proposition. It was to the effect that since the evidence showed that they had had long, continuous, prior possession of said Tracts Nos. 2 and 4, and as defendant failed to show title or possession, they were entitled to recover same. In application for writ of error this assignment is stated in the following language:

"The Court of Civil Appeals erred in holding that appellants' proof of long, continued possession was not sufficient proof to entitle them to judgment against appellee, who showed no title or possession of the land in controversy."

The plaintiffs failed to offer in evidence any chain of title from the sovereignty, and it is not urged that they prove title to the land in controversy by limitation. The sole contention is that they are entitled to recovery because they showed prior possession of the land and defendant failed to prove any title in himself. It is, of course, settled that a plaintiff showing possession of land prior to an entry by defendant, in the absence of other evidence, is entitled to recovery. The foundation of the rule is stated in the case of Watkins v. Smith, 91 Texas, 589, 45 S. W., 560, as follows:

"It is not a rule of property. It is a mere rule of evidence, and is founded upon the principle that since ownership is a usual concomitant of possession, it is a reasonable prima facie inference that the possessor of property is the owner of such property."

It is further well settled that this presumption of ownership may be rebutted. In the case of Richardson v. Houston Oil Company of Texas, 176 S. W., 628, in which writ of error was refused by the Supreme Court, it was said:

"The rule which permits a plaintiff in an action of trespass to try title to recover against a mere trespasser upon proof of prior possession, without further evidence of title, is a rule of evidence only, and not a rule of estoppel, and, when the defendant shows affirmatively that the plaintiff has no title, and thus rebuts the presumption arising from his prior possession, it seems to be the law that the possession of the defendant, though he is a mere trespasser without any title, will not be disturbed."

To like effect are the cases of Robertson v. Kirby, 25 Texas Civ. App., 472, 61 S. W., 967; Lynn v. Burnett, 34 Texas Civ.

App., 335, 79 S. W., 64; Payton v. Loustalott, 53 S. W. (2d) 1012, and Butler v. Borroum, 218 S. W., 1115.

This case having been tried before the court, and there being no findings of fact, it will be presumed that the court made findings upon the facts necessary to support the judgment, if there was sufficient evidence to raise the necessary issues. It may be that the trial court based its judgment upon a finding that plaintiffs did not have prior possession of the land, or upon a finding that the evidence negatived the presumption of title in them. As above indicated, plaintiffs have presented no assignments raising the contention that any supposed finding by the court was without evidence to support it. They have merely sought to set forth evidence of various witnesses (some of whom were plaintiffs) tending to show prior possession by plaintiffs. Notwithstanding, we have given very careful study to the statement of facts, and we are convinced that there was evidence to support a finding by the trial court that plaintiffs did not have prior possession of the land. In any and all events we are certain that there was ample evidence to support a finding that the presumed ownership of the land by plaintiffs was rebutted. Briefly we refer to some of the evidence and circumstances.

Tract No. 2 lies between what was formerly the first "high bank" of the Rio Grande River and the second "high bank" of same. In other words, this tract at one time adjoined the south bank of the river. In the course of time, the river shifted to the south some 550 feet and formed what is known as the second "high bank." Since about 1919, the river has again shifted to the south and it is now approximately a mile south of the second "high bank." The strip south of the second bank and extending to the river as it now runs is claimed to be an accretion to Tract No. 2. It seems to us apparent that if this be true, then Tract No. 2 is itself an accretion. At least the trial court was justified in concluding that it was, and in holding that its true ownership had shifted with the changing of the bed of the river. The witnesses Gonzales Tijerina and Rosindo Martinez both referred to the fact that all of Tracts Nos. 2 and 4 were formerly in Mexico and as a consequence of changes in the river are now within the State of Texas.

The witness May, a civil engineer, and who made the map offered in evidence, testified as follows:

"At the time I made this survey for Mrs. Lund I told her it was in Share 1-A as set aside to Frank Doyno. She understood it was Share A set aside to Frank Doyno. I do not re-

member just what she told me, in exact words, but she made me understand all right she didn't care if it did run into Share A."

The witness Tijerina, among other things, testified as follows:

"My testimony is that with respect to this tract marked 2 on the map, that George Lund or his children have never been in possession of that piece of land. I do not think they have been in possession of it, because I have been on that field many, many years. The ones that have been farming that land for many, many years have been Mr. Contreras and Mr. Lopez. I do not know anything about George Lund or his children, but I say this tract No. 2 has been farmed by Contreras and Lopez. Contreras and Lopez have farmed tract No. 2 since I was a little kid. I guess they have farmed it continuously up to the present time."

The witness Rosindo Martinez, who claims the strip of land adjoining Tract No. 2 on the west, testified as follows:

"Some years Contreras farmed Tract No. 2; he farmed it before anybody. After Contreras farmed it I know of Lunds farming it one year."

Although plaintiffs have not questioned the sufficiency of the evidence to sustain the presumed findings of the trial court, we think the foregoing brief statement is amply sufficient to uphold the judgment of that court.

The judgment of the Court of Civil Appeals is therefore affirmed.

Opinion adopted by the Supreme Court February 26, 1936.