## STEPHENSON et ux. v. ETTIE et ux.
### No. 3741.

Court of Civil Appeals of Texas. Beaumont.
Nov. 22, 1940.

Rehearing Denied Dec. 4, 1940.

D. C. Bennett and J. T. Adams, both of Orange, for appellants.

W. P. Sexton, of Orange, and J. H. Benckenstein and Jack M. Moore, both of Beaumont (only on appeal), for appellees.

O'QUINN, Justice.

This is an action in trespass to try title, filed in district court of Orange county on the 28th day of August, 1939, by appellees, Mr. and Mrs. S. T. Ettie, against appellants, Mr. and Mrs. Herman Stephenson, putting in issue the title and possession of lots 1 and 2 in the Chenault & Labit addition of the city of Orange, Texas. Appellants answered by pleas of general demurrer, general denial, and of the statute of ten years' limitation. On trial to the court without a jury, judgment was rendered on the 19th day of February, 1940, in favor of appellees against appellants for the title and possession of the land in controversy, from which appellants have duly prosecuted their appeal to this court.

Appellants complain that the trial court refused to file conclusions of fact and law after they had asked the court in writing to file such conclusions. The mo-

336

tion for conclusions of fact and law was filed on February 14, 1940, prior to the rendition of judgment on February 19, 1940, and appellants failed to call their motion to the attention of the court, and did not subsequently renew it. On this statement, appellants waived their motion for conclusions of fact and law. Article 2247, Vernon's Ann.Civ.St.; Stanley v. Bank of Logansport, Tex.Civ.App., 44 S.W.2d 445. The rule is thus stated in 41 Tex.Jur. 1274, Trial—Civil Cases, § 400: "Since 1931 an appellant who does not, in the statutory time and manner, notify the judge in writing, calling attention to his failure to make requested findings and conclusions, may not complain of the failure to make them."

■ Over appellants' objection, appellees introduced in evidence a deed to them to the land in controversy, from Mrs. S. E. Carr, a feme sole, dated April 25, 1916. This deed was duly recorded in the deed records of Orange county on April 28, 1916. The court erred in receiving this deed in evidence over appellants' exception that it had not been filed among the papers of the case for three days before the trial, as required by Article 3726, Vernon's Ann.Civ.St., there being no agreement that the parties might read from the record, and no notice that appellees would offer the original deed in evidence. But this ruling was harmless error.

■ The evidence clearly raised the issue that appellees entered into possession of this property in 1916, claiming to own it, and were continuously in possession, personally and by tenants, until possession was claimed by appellants shortly before suit was filed. Appellants had no record title, and they had no possession prior to the possession of appellees. The prior good faith possession and claim of appellees was sufficient to support the judgment of the court in their favor. Dean v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 58 S.W.2d 552.

■ On another theory the judgment in favor of appellees has support. The evidence raised the issue, resolved by the court in appellees' favor, that appellants took possession of the land in controversy as tenants of appellees; as tenants they could not controvert appellees' title.

It follows that the judgment of the lower court should be affirmed and it is accordingly so ordered.

Affirmed.