**MORTGAGE LAND & INV. CO. v.
SPEARS et al.**

No. 11162.

Court of Civil Appeals of Texas.
San Antonio.

May 13, 1942.

Rehearing Denied June 17, 1942.

John C. North, of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellees.

NORVELL, Justice.

This is an action of trespass to try title originally brought by Rincon Investment Company against Emma Spears and others. After the filing of the suit, appellant, Mortgage Land and Investment Company, was substituted as plaintiff by the filing of an amended petition. This pleading was in statutory form and sought the recovery of title and possession of approximately 336.39 acres of land, being all of Section 79 of the Welhausen and Driscoll Sixth Subdivision of the Taft Ranch, San Patricio County, Texas, save and except 76.67 acres out of the northwestern part of the section.

Emma Spears et al., appellees here, filed a plea of not guilty and pleaded the ten years' statute of limitations (Art. 5510, Vernon's Ann.Civ.Stats.) as a bar to the action.

Trial was to a jury and the court submitted an issue upon the ten-year statute which was answered favorably to appellees.

Judgment was entered that appellant take nothing.

Appellant attacks the sufficiency of the evidence to support the jury's finding, while the appellees vigorously assert that appellant, as plaintiff below, failed to prove its title and therefore the judgment must be affirmed under the rule that a plaintiff must recover, if at all, upon the strength of his own title and not upon the weakness of that of his adversary.

This case turns upon the sufficiency of appellant's asserted title, as appellees' limitation claim is not predicated upon a deed or muniment of title duly recorded and defining the boundaries of the tract to land involved. Appellees' answer does not describe any 160-acre tract to which they assert title under the statute. Therefore, the judgment can not be supported by the jury's answer to the issue submitted to it. Giddings v. Fischer, 97 Tex. 184, 188, 77 S.W. 209; Walker v. Maynard, Tex.Civ.App., 31 S.W.2d 168.

As to a title from the sovereignty of the soil, appellant simply states in its brief that it proved a record title, but makes no attempt to substantiate this assertion by references to the statement of facts. It is also asserted that title in appellant was established under the doctrine of "prior possession." Finally, it is contended that as appellees pleaded the ten-year statute, they must prove such title by a preponderance of the evidence, regardless of what testimony might be introduced by the plaintiff.

■ With this last contention we do not agree. By pleading the statute of limitation as a bar to appellant's action appellees did not waive their plea of not guilty. Uvalde County v. Oppenheimer, 53 Tex.Civ. App. 137, 115 S.W. 904, 907.

■ We are also of the opinion that appellant failed to exhibit a title emanating from the sovereignty of the soil. We need not discuss this asserted title in detail. Appellant introduced in evidence a patent from the Republic of Texas to Henry Smith, assignee of Larkin Martin, being Patent No. 98, and describing by metes and bounds a tract of land supposedly containing 640 acres and designated as Survey No. 12, in Refugio County.

Fred M. Percival, a civil engineer, testified that the land described in the petition was actually a part of this Henry Smith Survey. However, a number of instruments, evidently introduced in evidence for the purpose of establishing a chain of title from the patentee to Coleman-Fulton Pasture Company, under whom appellant claims, do not refer to the Henry Smith Survey, and from the descriptions given, this court is unable to determine whether or not such survey is included therein. By way of example, the description in the deed from T. M. Coleman and others to Coleman Fulton Pasture Company describes by metes and bounds a tract purportedly containing 161,000 acres. The description refers to various tracts, pastures and ownerships in the vicinity at the time the deed in question was executed. The following calls are typical: "Thence North with the fence between the lands hereby conveyed and lands sold to T. P. McCampbell to the fence enclosing the Pasture known as the 'Rincon';" "Thence with the meanders of said creek to the northeast corner of 160 acres now owned by John H. Wood; thence around said tract to the Chiltipin Creek."

No extrinsic evidence was introduced which would enable the trial court or this court to say that either the lands described in the patent or in the petition lay within the boundaries of the 161,000-acre tract described in this deed. Appellant, therefore, can not recover upon the theory that it has proved a title from the sovereignty of the soil. Gorham v. Settegast, 44 Tex.Civ.App. 254, 98 S.W. 665.

We next consider appellant's theory that it established a prior possession in Coleman-Fulton Pasture Company, its predecessor in title.

Appellant produced only one witness upon the issue of the possession of the Pasture Company. His testimony is very brief and is summarized by appellant as follows: "P. G. Willis (the witness) testified: 'Hired out to Coleman-Fulton Pasture Company as a cowboy in 1902. The ranch of Coleman-Fulton Pasture Company was fenced at that time. They used the land for pasture. Their land went to the McCampbell ranch. They were in possession of that land pasturing and using it for running cattle, etc., until 1926. I quit there in 1909. This particular tract of land was within the ranch of the Coleman-Fulton Pasture Company at the time I worked there. I passed through the pasture since 1909, and know that Coleman-Fulton Pasture Company used that land after 1909. Yes sir, I know that of my own knowledge. They used it up until they sold out. Yes sir, I know that.'"

Appellees contend that the above testimony is insufficient to take the issue of prior possession from the jury, and that as appellant requested no jury submission of the issue, it must be considered waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79.

■ Appellees rely primarily upon Lynn v. Burnett, 34 Tex.Civ.App. 335, 79 S.W. 64, writ refused. This authority seems in point and was cited with approval by the Supreme Court in Lund v. Doyno, 127 Tex. 19, 91 S. W.2d 315, decided in 1936. In Lynn v. Burnett [34 Tex.Civ.App. 335, 79 S.W. 66] it was held that "before the judge is authorized to take the case from the jury [upon the issue of prior possession] the evidence must be conclusive, leaving no room for doubt as to the fact of actual possession. It is not enough that the evidence is without conflict in establishing the facts relied on

 

to show actual possession, but these facts must themselves conclusively prove such possession."

It is further said, that "It is possible or even probable, that the cattle of said company may have grazed upon and its 'cowboys' ridden over the land, but that was of little or no consequence."

When we consider the meagerness of the testimony with reference to the location and nature of the fence mentioned by the witness; that the witness' knowledge of the nature of the Pasture Company's possession from 1909 to 1926 is based on nothing more than the fact that he passed through the pasture since 1909, and that the entry of Ed Spears, under whom appellees claim, occurred about 1926, it seems that we would be unauthorized in disturbing the trial court's judgment and holding, as a matter of law, that appellant had established a "prior possession" of such a nature as to raise a presumption of title. Rutledge v. Mitchell, Tex.Civ.App., 91 S.W.2d 1135.

For the reasons above stated, the judgment of the trial court is affirmed.