### McCORMICK v. RUGELEY et al.
### No. 12463.

Court of Civil Appeals of Texas. Galveston.

Nov. 20, 1952.

Rehearing Denied Dec. 4, 1952.

G. F. Steger, of Columbus, for appellant.

Massey, Hodges, Moore & Gates and Otto Moore, Jr., Columbus, for appellees Lenore W. Rugeley, Rowland Rugeley, Sarah Witmer, William W. Witmer, Vallie O. Hester and Tom C. Hester.

GRAVES, Justice.

This appeal is from a judgment of the District Court of Colorado County, Hon. Lester Holt, Judge, presiding with a jury, entered in part upon a jury's findings on special issues submitted to it, and in part upon independent findings of the court itself from the evidence, vesting the title to 312.23 acres of land in the 618-acre Hugh Curry Survey, in Colorado County, in the appellees, and divesting it out of the appellant, and others, who have not appealed from such judgment.

The undisputed evidence shows that the entire 618 acres of such Curry Survey had been voluntarily partitioned between all of its then owners on July 15th of 1910, under a detailed survey with plats of all the smaller tracts, in which it was so partitioned among the various owners, by the surveyor James A. Toliver; under such agreed partition—as so surveyed and platted—the appellant owns a 103-acre tract, and the appellees a 309-acre tract (found by the trial court to actually contain 312.23 acres), adjoining each other, appellant's tract lying on the west side of the common division line between them, whereas appellees' lay upon the east side thereof.

The appellees' brief, in reply to that of the appellant herein, reports upon what this Court finds to have been supported in the record, that , up until the year 1951, following such partition between the interested owners of the whole survey of July 15th of 1910, supra, there had never been a fence separating the two adjoining tracts so severally owned by the appellant and appellees; thereupon, as the appellees' brief so further recites, these transactions ensued: "During 1951 Etta McCormick caused a survey to be made by Brandon Fitzpatrick for the purpose of erecting a fence on her east side. Shortly after the Fitzpatrick survey and the erection of said fence, appellees caused a survey to be made of their land by B. D. King, Sr., County Surveyor and County Engineer of Wharton County, Texas, who was assisted by his son, B. D. King, Jr., his deputy, also a Licensed State Land Surveyor, and this survey is hereinafter referred to as the King survey. The Fitzpatrick Survey, the field notes and plat of which are set forth as Item 9, page 7, of Volume II of the Statement of Facts, and the King Sur-

vey, the field notes of which are set forth in plaintiffs' petition and in the judgment of the Court * * * and the map thereof * * * , locate the southwest corner of the Obenchain tract (appellees' tract) and the southeast corner of the Etta McCormick tract at the same and identical point. The King Survey locates the northwest corner of appellees tract (Obenchain Estate) and the northeast corner of the McCormick tract at a point which is 28.76 varas west of the point that same was located by Fitzpatrick. The McCormick fence was built along the line as run by Fitzpatrick.

"It is therefore undeniably apparent, as found by the Court in its judgment, that the only matter involved in this case between appellees and Etta McCormick is the true location of their common boundary."

Into the situation so developed before it, the trial court submitted this single issue to the jury:

"Do you find from a preponderance of the evidence that the west line of the Obenchain tract (Appellees' tract) in controversy in this suit, ran by the surveyor B. D. King in 1951, was the same as that ran by surveyor Toliver in 1910?", to which the jury answered, "Yes."

As indicated supra, the trial court then specifically added its own findings, upon both the law and the evidence, as supporting the decree it so rendered.

This Court has carefully examined the extended record herein, inclusive of the statement of facts, and finds that the findings-of-fact of both court and jury are amply supported by the evidence, and that the trial court's conclusions of law based thereon were correct. W. T. Carter & Bro. v. Collins, Tex.Civ.App., 192 S.W. 316, error refused; Ealand-Wood Lumber Co. v. Bronson-Morgan, Tex.Civ.App., 246 S.W. 2d 493, writ dismissed; Hart v. Greis, Tex. Civ.App., 155 S.W.2d 997, error refused; Muldoon v. Sternenberg, 139 Tex. 22, 161 S.W.2d 783; Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767; Dawson v. Tumlinson, Tex.Sup., 242 S.W.2d 191;

and Lund v. Doyno, 127 Tex. 19, 91 S.W. 2d 315.

The judgment will, therefore, be affirmed.

Affirmed.