**KATZ v. MADDOX et al.**

**No. 12487.**

Court of Civil Appeals of Texas. San Antonio.

Jan. 28, 1953.

Rehearing Denied March 11, 1953.

Kelley, Looney, McLean & Littleton and Van N. Culpepper, Edinburg, for appellant.

Rankin, Kilgore & Cherry, Edinburg, J. Q. Henry, Mission, for appellees.

POPE, Justice.

This is an appeal from a judgment wherein the trial court granted defendants' motion for summary judgment as to the first five of plaintiff's counts and then granted an instructed verdict as to the remaining six of his counts, in a suit brought to establish title to twenty acres of land. Plaintiff's first count asserted an ordinary trespass to try title suit; the second count asserted a suit to quiet title and remove cloud and alleged the plaintiff's chain of title; and the third, fourth and fifth counts alleged facts with reference to plaintiff's boundary. The order sustaining the defendants' motion for summary judgment recited that the court considered certain admissions, stipulations, depositions, and the abstracts of title. The complete record of that hearing has not been brought to this Court, but the plaintiff in his pleadings admits the impossibility of his proving title from the sovereign or common source. There is nothing in the record to show that the trial court committed error in its order sustaining the motion for summary judgment. We can only presume

250

that the trial court ruled properly on the basis of the showing recited in the judgment to have been made before it and not brought forward for us to examine.

■ Plaintiff went to trial on the remaining counts, three of which asserted limitation title. The record entirely fails to show actual possession in the plaintiff for any period of time longer than two years. Two of the other remaining counts are mere assertions of weakness in the defendants' title, which we may disregard, since the plaintiff must recover, if at all, upon the strength of his own title. We find no error insofar as those counts are concerned.

But plaintiff, in what he designates "Count Six," alleged that he had prior possession and fixed the time of that possession at January 23, 1942. He asserted further that the defendant E. J. Walker was the tax collector for the Tabasco Consolidated Independent School District from 1940 to 1946, and that he accepted taxes from plaintiff during all that period of time covering the lands in question. Plaintiff alleged also that upon his refusal to sell the property to the defendant Walker, that he, Walker, obtained a quitclaim deed from third persons, and that plaintiff was entitled to have damages against the defendants and the title quieted in him.

■ Plaintiff proved that the defendant Walker wrote plaintiff a letter on January 23, 1942, wherein Walker said: "* * * this is my acknowledgment to you that I am in possession of your land, and that I am holding it for you." That was proof of possession prior in time to that of either of the defendants. Despite plaintiff's failure to prove title from the sovereign or common source, he may recover by virtue of prior possession as alleged in his sixth count, since there was no proof of title in the defendants. Texan Development Co. v. Hodges, Tex.Civ.App., 237 S.W.2d 436; Lee v. Grupe, Tex.Civ.App., 223 S.W.2d 548, 555; Lorino v. Crawford Packing Co., 142 Tex. 51, 175 S.W.2d 410; Clifton v. Puente, Tex.Civ.App., 218 S.W.2d 272; Mortgage Land & Inv. Co. v. Spears, Tex.Civ.App., 162 S.W.2d 1015; Stephenson v. Ettie, Tex.Civ.App., 145 S.

W.2d 335; Brown v. Connor, Tex.Civ.App., 140 S.W.2d 495; Dallas Joint Stock Land Bank v. Harrison, Tex.Civ.App., 135 S.W.2d 573, 581; White v. Greene, Tex.Civ.App., 129 S.W.2d 801.

The judgment of the trial court is reversed and the cause remanded.

On Motion for Rehearing.

Appellees' motion for rehearing is overruled. 51 C.J.S., Landlord and Tenant, § 268(b). See, People v. Beguelin, 184 App. Div. 759, 172 N.Y.S. 530, with reference to acknowledgment of possession on another's behalf.