John L. SPINKS, Sr., et ux., Appellants,

v.

Annie Mae ESTES, Appellee.

No. 966.

Court of Civil Appeals of Texas, Tyler.

Jan. 27, 1977.

Rehearing Denied Feb. 17, 1977.

Paul S. Colley, Henderson, Joe E. Griffith, Crockett, for appellants.

Frank P. Granberry, Granberry & Hines, Crockett, Lowell C. Holt, Gilmer, for appellee.

MOORE, Justice.

This is a trespass to try title suit. Annie Mae Estes, the holder of record title, (plaintiff) brought suit against John Spinks and his wife, Georgia, (defendants) to recover two tracts of land alleging that they had unlawfully entered and dispossessed her of the land on August 4, 1970. The defendants answered by a plea of not guilty, a general denial and additionally asserted a claim of adverse possession under the ten-year statute of limitations. Trial was before a jury. The sole special issue submitted concerned the defendant's assertion of title by adverse possession. Pursuant to the jury's negative response to the special issue, the trial court entered judgment awarding the plaintiff title and possession of both tracts of land. After their motion for judgment non obstante veredicto had been overruled, the defendants perfected this appeal.

In support of her claim of prior possession, the plaintiff testified that she had acquired the land by deed dated July 23, 1920 and had lived thereon until 1922 but not since that time. She introduced tax receipts dating back to approximately 1928. She testified that in 1967 or 1968 she gave the defendant, John Spinks, permission to use the land for pasture purposes. She also testified that under their agreement Spinks was to "look after the property for me" and no rent was to be charged. Plaintiff also introduced a letter into evidence which she had received in 1970 from the defendant, Georgia Spinks. In the letter, Mrs. Spinks mentioned a prior conversation with Mrs. Estes' son concerning the defendants' desire to purchase the land in question. She stated it was the understanding of Mr. Spinks that Mrs. Estes would quote a price which she would be willing to accept, or state whether she would be willing to lease the land to them or whether she would give them an option to buy the land. Finally, the letter contained this statement:

"We have spent a great deal to improve this land; fertilizing, liming and planting to permanent pastures both as an obligation to care for it well because you so graciously let us use it. . . ."

Both defendants testified at the trial. Mr. Spinks acknowledged his offer to purchase the land from Mrs. Estes in 1970. Mrs. Spinks also acknowledged the 1970 letter wherein they offered to purchase the land.

By a single point of error defendants contend that the trial court erred in refusing to grant their motion for judgment non obstante veredicto. Their sole contention is that the plaintiff failed to discharge her burden either by establishing a regular chain of title from the sovereignty of the soil or showing superior title by reason of prior possession. Consequently, they argue they were entitled to judgment even though the jury answered adversely to them on their claim of adverse possession. We cannot agree with this proposition.

■ We will deal first with the plaintiff's right to recover on the theory of prior possession. In trespass to try title suits the rule that a plaintiff must recover on the strength of his own title and not on the weakness or lack of title of his adversary is so fundamental that it needs no citation.

■ We are of the opinion that the judgment of the trial court as to title and possession must be affirmed. The undisputed

proof shows that the possession of the plaintiff was prior in time to that of defendants. There was no proof of title in defendants. Therefore, the plaintiff by virtue of prior possession was entitled to judgment.

What was said by the Supreme Court in the early case of *House v. Reavis*, 89 Tex. 626, 35 S.W. 1063, 1064 (1896), applies with equal force here. The court, speaking of prior possession, said: ". . . Such possession as was shown to have existed in the plaintiffs of the property in controversy is prima facie evidence of title in them, and was sufficient to entitle them to recover, against the defendants . . . ." The same general principle has been followed by the holdings in *Reiter v. Coastal States Gas Producing Co.*, 382 S.W.2d 243, 247 (Tex. 1964); *Lorino v. Crawford Packing Co.*, 142 Tex. 51, 175 S.W.2d 410, 413 (1943); *Dinwitty v. McLemore*, 291 S.W.2d 448, 451 (Tex. Civ.App.—Dallas 1956, no writ); *Katz v. Maddox*, 256 S.W.2d 249 (Tex.Civ.App.— San Antonio 1953, writ ref'd n. r. e.).

A similar situation existed in the case of *Katz v. Maddox*, supra. There the defendant had written a letter to the plaintiff in which he had acknowledged the plaintiff's title to the land in controversy.[1] The court held that despite plaintiff's failure to prove title from the sovereign such letter was sufficient to allow recovery by the plaintiff by virtue of prior possession when there was no proof of title in the defendant.

■ It is without dispute that the plaintiff was in possession of the land prior to the entry by defendants. We hold that the uncontradicted evidence was sufficient to show defendants acknowledged plaintiff's prior possession thereby establishing prima facie evidence of title in plaintiff.

■ Plaintiff also sought to establish her title under the regular chain from the sovereignty of the soil and introduced twenty-three exhibits purporting to be instruments establishing her chain of title. De-

fendants have raised serious questions as to the sufficiency of the property description in most of the deeds. In view of our conclusion that the plaintiff established her title under the theory of prior possession, we will not extend this opinion by ruling on the sufficiency of the description in the various instruments and then determining whether the plaintiff also established record title. The fact that the plaintiff also offered proof of her title by evidence of a regular chain of title from the sovereign, whether successful or not, would not defeat her claim to title under the theory of prior possession. *Buvens v. Brown*, 290 S.W. 1086, 1089 (Tex.Com.App.1927, opinion adopted); *Warren v. Swanzy*, 361 S.W.2d 479, 487 (Tex.Civ.App.—Beaumont 1962, writ ref'd n. r. e.); see *Dinwitty v. McLemore*, supra; see also 56 Tex.Jur.2d Trespass to Try Title sec. 7.

The judgment of the trial court is affirmed.

---

1. The letter read "This is my acknowledgment to you that I am in possession of your land, and that I am holding it for you."