### TURNER v. CUNNINGHAM et al.

(Court of Civil Appeals of Texas. Dallas. May 31, 1913.)

QUIETING TITLE (§ 44*)—REMOVAL OF CLOUD —EVIDENCE.

Where plaintiff purchased certain land, paid certain vendors' lien notes thereon, and with his wife took possession and made improvements, he was entitled to the removal of a cloud on his title, consisting of a deed to the property emanating from G. and passing to defendants, executed at a time when plaintiff was in possession, in the absence of testimony showing any title in G. to the property or connecting him with plaintiff's title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 89–92; Dec. Dig. § 44.*]

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Action by Tom Turner against Lula Cunningham and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

E. P. Anderson, of Waxahachie, for appellant.

TALBOT, J. This action was brought by appellant, Turner, to have deeds declared null and void, and to remove cloud from his alleged title to the parcel of land described in his petition. Before trial the case as to all of the defendants, except Vivian Knuckles, was dismissed. Vivian Knuckles is a minor, and Tom Ball, Esqr., was appointed guardian ad litem to represent her, and answered by a general demurrer and general denial. It does not appear that any action was taken on the demurrer, but the case was tried on November 29, 1912, by the court without a jury, and the trial resulted in a judgment in favor of the defendant, from which this appeal is prosecuted.

The substance of the first and second assignments of error is that the court erred in ignoring the title, alleged and proved by the plaintiff, of his purchase, possession, payment of purchase money, and valuable improvements made on the land in controversy, and in refusing to annul and cancel the deeds as prayed for in his petition. We are of opinion that under the undisputed evidence as it appears from the record sent to this court, the assignments must be sustained. The plaintiff, Tom Turner, testified, in substance, that in 1902, his wife, Beatrice Turner, preceded him to Texas from the state of Tennessee and bought the property involved in this suit from Luke Haywood; that on September 6, 1902, he came to Texas and went upon the property with his wife, and informed her that the purchase thereof was satisfactory to him; that his wife paid on the purchase of the property the sum of $100, and assumed the payment of some vendor's lien notes against it; that he remained on the place with his wife until December, 1902, when he returned to Tennessee to wind up his business there; that while in Tennessee his wife wrote him that she was about to lose the property, and for him to come and bring money to pay off the lien notes; that he came back to Texas and found the notes were owned by Captain Patrick and paid to him the sum of $140 in satisfaction thereof. Tom Turner further testified that he made improvements on the lot in question as follows: Barn worth $50, coalhouse $10, chicken house $5 and waterworks $10, and that he and his wife were now living on the property.

R. G. White testified that Beatrice Turner bought the place where she and Tom Turner are now living from Luke Haywood and paid him $100; that he (White) moved Beatrice Turner on the place about the 1st of September, 1902, and moved "Luke Haywood out as she moved in." Captain M. T. Patrick also testified that the lot in question was bought from Luke Haywood, and that Tom and Beatrice Turner paid him "all the money that was paid to him in person for the notes he held against the place." There was introduced, it seems, on behalf of the defendant, a deed from J. L. Gammon to Lula Cunningham, alias Lou Keith, dated November 19, 1902, purporting to convey the property involved, and one from Lou Keith dated November 18, 1908, purporting to convey said property to Beatrice Turner for life, and at her death to appellee Vivian Knuckles. This is practically all the evidence that was offered upon the trial of the case as shown by the statement of facts, and the concurrence of the facts established by it, entitled appellant, in our opinion, to the relief sought. Whether the rule in Shelley's Case applies, and Beatrice Turner acquired under the deed from Lou Keith a fee-simple title to the property in question, or only a life estate, is a question that does not arise on this appeal. Beatrice Turner is still living, and the interest of appellee Vivian Knuckles, if any she has, is an estate in remainder to take effect only upon the death of Beatrice Turner. There is no testimony showing any title to the property in J. L. Gammon, or connecting him with the title asserted by appellant. At the time he deeded the property to Lula Cunningham or Lou Keith, Tom and Beatrice Turner were in possession of the land, under their claim of purchase from Haywood, and had paid $100 of the purchase money; and

---

at the time the deed from Lou Keith to Beatrice Turner purports to have been executed, they were still in possession of the property, had paid an additional sum of $140 of the purchase price thereof, and had made valuable improvements thereon so far as anything to the contrary appears in the record.

The case, however, does not seem to have been fully developed, and the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.