**DALTON v. DAVIS et al. (No. 1027-4924.)***

Commission of Appeals of Texas, Section A. Jan. 11, 1928.

**1. Quieting title ⊝10(1, 2)—Some interest in land, but not fee-simple or otherwise in contestable title, is necessary for plaintiff in suit to remove cloud of sheriff's deed.**

While a claim of interest of some kind in the land is a prerequisite to relief in suit to cancel sheriff's deed and remove the cloud thereof, *fee-simple or otherwise incontestable* title in plaintiff is not essential to the relief.

**2. Trespass to try title ⊝33—Petition to remove cloud of sheriff's deed treated as answer presented imperfect defense to cross-action in trespass to try title, based on title independent of deed.**

Petition in action to cancel sheriff's deed and remove the cloud thereof presents but a partial and imperfect defense to defendant's cross-action of trespass to try title, alleging ownership in fee simple, as defendant may have title or right independent of sheriff's deed, and hence outside the scope of plaintiff's pleading.

**3. Judgment ⊝248—Evidence will not cure failure of judgment to conform to pleadings (Rev. St. 1925, art. 2211).**

Failure of judgment to "conform to pleadings," as required by Rev. St. 1925, art. 2211, is not cured by evidence.

**4. Judgment** ⬥⇒251(1)—**Judgment that defendant, by cross-action unanswered except imperfectly by petition in trespass to try title, take nothing held not to conform to pleading.**

Judgment that defendant, in action to cancel sheriff's deed and remove cloud thereof, by his cross-action in trespass to try title against plaintiff and his wife, take nothing, *held* not to conform to the pleadings; plaintiff's original and only pleading being but a partial and imperfect defense to the cross-action, and his wife pleading no defense.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Action by Sam Davis against Crate Dalton and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (294 S. W. 1115), and the named defendant brings error. Reversed and remanded.

A. J. Smith, of Anson, and Callaway, Dalton & Callaway, of Dallas, for plaintiff in error.

Murchison & Davis, of Haskell, for defendants in error.

NICKELS, J. With an exception to be noted and a supplement to be made, the case is properly and sufficiently stated in the opinions of the Court of Civil Appeals. 294 S. W. 1115. The exception is that Davis did not bring suit "in trespass to try title." The supplement is that Mrs. Davis did not file a pleading of any kind and Mr. Davis did not file anything except his original petition, although Dalton by proper cross-action sued Davis and wife in statutory trespass to try title.

[1] The suit of Davis was to cancel the sheriff's deed and remove the cloud thereof. Since ordinarily courts do not entertain jurisdiction of moot cases, a claim of interest of some kind in the land was manifestly a prerequisite to relief in that suit. But there is patent mistake in the assumption that fee simple or otherwise incontestable title in Davis was essential to the relief prayed by him. Obviously, therefore, the possibility of title or right in Dalton, independent of the sheriff's deed, is not foreclosed by its cancellation. 38 Cyc. 1194–1196.

[2] Ownership in fee simple, however, was averred by Dalton. Answer ("plea of not guilty" or otherwise) was not made by Mrs. Davis at all or by Mr. Davis except as his petition would be taken therefor. As the pleading stood, then, but a part of Dalton's essential averments were answered by one defendant therein and none of them by the other. As remarked, Dalton might have title or right independent of the sheriff's deed, and hence outside the scope of Davis' pleading. It results: (a) Dalton's cross-action advanced a perfect defense to Davis' claim and more, but Davis' petition (considered as an answer) presented but a partial and imperfect defense to the cross-action; (b) the other defendant in the cross-action pleaded no defense at all.

[3, 4] The state of the evidence is not important, for whatever was proved the judgment was required to "conform to the pleadings" (article 2211, R. S. 1925), and, to the extent of variance therefrom, the error is not cured by evidence. The judgment before us lacks that essential, and the vice permeates the whole.

We have not considered whether the case might have been tried at all with the pleading in the condition described and with Dalton absent. A trial was attempted; if rightly attempted, the statutory requirement of conformity ought to have been observed; if wrongly attempted, the error is but multiplied.

We recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and that the cause be remanded.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.