**McDONALD et al. v. GALT et al.**

No. 14533.

Court of Civil Appeals of Texas.
Fort Worth.

June 4, 1943.

Rehearing Denied Sept. 17, 1943.

Hiram G. Brown and J. A. Ward, both of Mt. Pleasant, Weeks, Hankerson & Surles, of Tyler, and Black, Graves & Stayton, of Austin, for appellants.

Jones & Jones, of Mineola, Simon & Zimmerman, of Fort Worth, R. T. Wilkinson, of Mt. Vernon, and R. T. Wilkinson, Jr., of Dallas, for appellees.

BROWN, Justice.

Ed E. Galt and Myra Galt were husband and wife and acquired as community property the 395 acres of land in controversy.

Ed Galt died intestate on November 30, 1925, and an administration on the estate being necessary, his said wife qualified as administratrix through proceedings in the Probate Court of Franklin County, on January 28, 1926.

The probate proceedings are now, and have been since last named date, pending in such court, in which the claim of National Life & Accident Insurance Co., a creditor of the community estate, was filed, approved and allowed by the court.

This claim consisted of a note in the principal sum of $4,000, secured by a deed of trust lien on the land in controversy.

Other creditors, namely, M. L. Edwards, J. M. Fleming, A. J. Patton, Mrs. T. A. Holder, Mrs. N. H. Long and the First National Bank of Mt. Vernon, Texas, likewise filed their claims against the said community estate and same were approved and allowed by the Probate Court.

Mrs. Myra Galt, as said administratrix, on December 7, 1935, filed in the said Probate Court an application for an order of the court authorizing her to sell the tract of land in controversy to the National Life & Accident Insurance Company in satisfaction of its debt and lien, and such application recites that, in the opinion of the administratrix, the land is not worth more than the indebtedness held against it by said Insurance Company, that it would

be to the best interest of the estate for such sale to be made.

On the same day the application was made, the Probate Court made the order applied for and authorized the administratrix to make the sale, reciting in such order that it appeared to the court there was no equity in the land for the benefit of the estate, and on December 19, 1935, the administratrix executed a deed to said Insurance Company and signed same, "Mrs. Ed E. Galt, Administratrix of the estate of Ed E. Galt, deceased".

Early in 1936, Mary Galt (a daughter of Ed E. Galt) filed a petition for certiorari to the county court to have the proceedings of said court reviewed as to the order theretofore entered authorizing the administratrix to convey the said lands to said Insurance Company, and attacked such order and sale, alleging particularly that the sale was made for a grossly inadequate price. She made the administratrix and said Insurance Company defendants.

Likewise, a similar proceeding was filed by Mrs. Margaret Moore (a daughter of Ed Galt), in which her husband, Fate Moore, joined, as well as did her brother, Jack P. Galt.

The said creditors, namely, M. L. Edwards, J. M. Fleming, A. J. Patton, Mrs. T. A. Holder, the surviving wife of T. A. Holder, deceased, Mrs. N. H. Long, a single woman, and the First National Bank of Mt. Vernon, also filed similar certiorari proceedings, and alleged that their claims against the estate, in the sum of approximately $45,000 would be lost unless the order authorizing the sale was set aside, and they prayed for judgment and for a cancellation of the deed executed to said Insurance Company.

These three causes properly lodged in the District Court were, by order of the court, consolidated.

It appears that the Insurance Company having executed a deed to one D. L. McDonald at or about the time the first certiorari proceeding was filed, the said creditors made him a defendant in their petition.

The administratrix answered, admitting the allegations of the petitioners for a writ of certiorari and excused herself of wrong doing by alleging that she was, in effect, overreached in the matter by a representative of the Insurance Company, who instigated the entire proceedings and prepared and furnished to her all the documents that she signed.

Whatever rights D. L. McDonald may have, or those of any of the other parties to the proceeding before us who claim or acquired any rights from either the Insurance Company or from D. L. McDonald, were all acquired at a time and under such circumstances as that they had notice of the attacks being made upon the Probate Court order and the deed made by the administratrix pursuant thereto.

In other words, there is no issue of innocent purchaser for value and without notice in the instant case, nor was there such in the former suit.

On the trial of the consolidated causes, a jury found that the land was sold for a grossly inadequate price, and the trial court rendered judgment setting aside and annulling the order of the Probate Court and the deed executed by the administratrix to said Insurance Company and denied the application of the Insurance Company for an order authorizing the administratrix to execute a deed to it in satisfaction of its debt.

D. L. McDonald and said Insurance Company, being aggrieved by the judgment, appealed and the cause was lodged in the Court of Civil Appeals for the Beaumont District, by an equalization order. Such Court of Civil Appeals, in an able opinion found in McDonald v. Edwards, 115 S.W.2d pages 762 to 769, found as a matter of fact that Galt's estate was notoriously insolvent and that the said 395 acres constitute not only the bulk but almost all of the estate.

Because of procedural errors, on motion of appellees, the appeal of the Insurance Company was dismissed and the cause was disposed of on McDonald's issues. The substance of the holdings of the Court of Civil Appeals is: That the 395 acres, being a part of the community estate, was subject to the payment of the community debts—both as to the deceased husband's interest therein and as to the surviving wife's interest; that the heirs were vested with the lawful right to prosecute the certiorari proceedings because of their residuary interests, if any existed after payment of the debts; that the surviving wife could not convey her interest in such community property and thus take it out of the administration, with the debts of the estate unpaid; that when the order of the probate

court authorizing the administratrix to sell was rescinded, the title which found life only in the order necessarily failed.

The judgment of the trial court having been affirmed, McDonald procured a writ of error and our Supreme Court disposed of the writ by its opinion found in McDonald v. Edwards, 137 Tex. 423, 153 S. W.2d at pages 567 to 571.

The judgments of the district court and the Court of Civil Appeals were affirmed, in an opinion by Mr. Justice Sharp, these words being used at its conclusion: "As construed in this opinion, the judgments of the trial court and Court of Civil Appeals are affirmed."

In this former suit much ado was made over whether or not the district court committed error in annulling the probate order and the deed executed in pursuance thereof, insofar as such conveyance affected the personal interest of the administratrix, because, it is contended, the deed was effective to convey her individual interest, subject to the payment of the community debts.

In making clear its position in the premises, the Supreme Court said:

"The plaintiffs who instituted the suit sued as heirs and creditors of Ed E. Galt, deceased, and made Mrs. Galt, administratrix of his estate, one of the defendants. In her answer, as one of the defendants, she admits the allegations made by plaintiffs with reference to the order of the probate court authorizing the sale of the land; and it clearly appears from the pleadings, the answers, the issues submitted by the court to the jury, and the judgment entered by the trial court, that Mrs. Galt's individual interest in the land was not being adjudicated.

"We therefore hold that the judgment of the trial court does not adjudicate the title of the land conveyed by the administratrix to the Insurance Company, nor does such judgment adjudicate the individual title of Mrs. Galt, and it therefore does not undertake to annul her deed in so far as it may have conveyed her individual interest in the land, subject to the payment of the community debts."

If we understand the holding by our Supreme Court, it means that, insofar as the interest of the community estate owned by the deceased husband is concerned, the order authorizing the sale of such interest to the Insurance Company to pay off and discharge its debt and claim has been set aside and annulled and that the deed executed by the administratrix pursuant to such order, which attempts to convey such interest is likewise canceled and annulled.

We believe that the effect of such a holding and judgment simply restores the deceased husband's interest in the community estate to the same status that it held before the said order was made and the deed by the administratrix was executed thereunder.

This interest was subject to the debt of the Insurance Company and likewise to the lawful claims of the creditors of the estate, and if any adjudication of the title to 'the deceased husband's interest, or the interest of the surviving wife is to be had, this must be done in a separate suit in a court having jurisdiction of same.

In February, 1936, the above named Insurance Company executed a mineral deed to D. L. McDonald, purporting to convey to such grantee an undivided one-half of all the oil, gas and other minerals in the lands in controversy, and likewise by instrument of same date conveyed to same grantee an undivided one-half in said lands; and thereafter D. L. McDonald, by instrument purported to convey to C. D. McDonald; C. H. McDonald, T. B. McDonald, Neal Powers, R. S. Allred and Rene Allred, Jr., and undivided 469/1392 interest in and to the oil, gas and other minerals in said land; and executed at the same time an instrument purporting to convey to the same six named grantees an undivided 399/1232 interest in and to all of the oil, gas and other minerals in said land; and on the same date by instrument purported to convey to the same six grantees an undivided 147/384 interest in all of the oil, gas and other minerals in said land, and next executed an instrument purporting to convey to the same six grantees an undivided 21/48 interest in all of the oil, gas and other minerals in said lands.

On January 28, 1937, the said Insurance Company extcuted an instrument purporting to convey to D. L. McDonald, C. H. McDonald, C. D. McDonald and T. B. McDonald, jointly, an undivided one-half interest, and to Raymond S. Allred an undivided one-sixth interest, and to Neal Powers an undivided one-sixth interest, and to Rene Allred, Jr., an undivided one-

twelfth interest, and to Lucille Allred an undivided one-twelfth interest in and to all of the said land; and at the same time attempted to convey its debt and claim against the estate of Ed E. Galt, deceased.

While the deed and instrument does not so stipulate, we take it that the conveyance of the claim was intended to be made to the respective grantees in the same proportions as those stipulated in the deed as to the land.

D. L. McDonald likewise executed a mineral deed to T. B. McDonald, purporting to convey all of the undivided interest held by the grantor in and to the minerals in the land.

R. S. Allred, Rene Allred, Jr., and Lucille Allred conveyed all interest acquired by them in the lands to J. R. Hart, and Hart then conveyed all his right, title and interest to C. H. McDonald. Thus all rights acquired by the Insurance Company became vested in appellants.

On December 10, 1936, Jack Galt executed a deed purporting to convey to N. E. Dupree all of his interest in the land in controversy, and Dupree on the same day conveyed all his interest to Dawson, and on July 17, 1937, Jack P. Galt, joined by his wife, executed a deed covering his interest to Dupree and Dawson.

We take it that this last deed was executed to show joinder of Galt's wife in the conveyance.

On April 13, 1933, Mrs. Myra Galt, for herself and as administratrix of the estate of Ed E. Galt, deceased, and joined by Jack P. Galt, Mary Galt, a feme sole, Mary Galt Moore and her husband, Fate Moore, undertook to convey to G. E. Fagg an undivided one-half interest in and to all of the 1/8 royalty in oil, gas and gasoline and casinghead gas that may be produced and saved from a portion of the lands in controversy. This deed was not filed for record until the 5th day of September, 1936, and was recorded on the 16th day of December, following. This instrument purports to cover only 80 acres of the 395 acre tract and is described by metes and bounds.

With the above narrated set-up before them, T. B. McDonald, C. D. McDonald, D. L. McDonald, C. H. McDonald and Neal Powers, on March 18, 1942, brought suit in the District Court of Titus County, wherein the lands lie, and their amended petition on which they went to trial made Mrs. Myra Galt, Mary Galt Joyce and husband, F. J. Joyce, Jr., N. E. Dupree, D. H. Dawson, M. L. Edwards, J. M. Fleming, A. J. Patton, Mrs. T. A. Holder, a feme sole, Mrs. N. H. Long, a feme sole, First National Bank of Mt. Vernon, Texas, R. T. Wilkinson, Jr., W. N. Jones, Wiley Jones, C. N. Housh, G. E. Fagg, Margaret Moore and husband, Fate Moore, defendants.

These plaintiffs allege that they are the owners in fee of an undivided one-half interest in the lands and all royalties, including that now held in abeyance by the Humble Oil & Refining Company, which holds and owns the oil and gas lease covering the lands.

It is alleged that Mrs. Myra Galt and her assigns are claiming a one-half undivided interest in and to the lands and to all royalties unpaid and yet to be produced and paid, and that these defendants' claims constitute a cloud on the title of the plaintiffs as to their one-half interest in the lands and royalties and as to the royalty funds now impounded.

The defendants, Mrs. Myra Galt, Mary Galt Joyce and husband, F. J. Joyce, Jr., N. E. Dupree, D. H. Dawson, R. T. Wilkinson, Jr., Margaret Moore and husband, Fate Moore, C. N. Housh, W. N. Jones, and Wiley P. Jones, answered formally; Mrs. N. H. Long, J. M. Fleming, M. L. Edwards, A. J. Patton, Mrs. T. A. Holder and First National Bank, all creditors with approved claims, answered excepting to plaintiffs' petition, alleging that the trial court was without jurisdiction over them and their approved claims and prayed that they be dismissed from the suit; and in the alternative, prayed that plaintiffs take nothing against them and that if recovery be had that the rights of plaintiffs be adjudged inferior to their rights as creditors.

The defendant G. E. Fagg answered formally and by cross-action against the plaintiffs prayed for a recovery as to the royalty rights in the 80 acre tract claimed by him.

The cause being tried to the court, judgment was rendered dismissing as to all the above named creditors on their plea to the jurisdiction, and that plaintiffs take nothing, and that Fagg recover his royalty interest in said 80 acres as against the plaintiffs; same being 1/2 of the 1/8 royalty.

The plaintiffs have appealed and contend: First, that although the deed executed by Mrs. Myra Galt as administratrix of the estate of Ed E. Galt, deceased, was rendered void as an effort to convey the interest owned by said estate, nevertheless its effect was to convey to the said Insurance Company the undivided one-half interest owned individually by Mrs. Galt. That such instrument creates as against Mrs. Galt an estoppel by deed.

We believe this contention is sound under such authorities as Corzine's Heirs v. Williams, 85 Tex. 499, 22 S.W. 399, and Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L.R.A.,N.S., 60, 132 Am.St.Rep. 836, 20 Ann.Cas. 74, and the authorities reviewed in these cases.

We observe here that when the title was put in litigation by these plaintiffs after the former appeal and the judgments of the Court of Civil Appeals and the Supreme Court were made final, Mrs. Galt, although she was made a defendant and put to the burden of protecting her rights, made no effort to set aside the deed executed by her on any theory that she was overreached or otherwise. She simply rested her case on the theory that her deed as administratrix having been cancelled and set aside in the former proceeding, it was not effective for any purpose whatsoever.

■ It seems to be settled in this state that Mrs. Galt is estopped by her deed from contending that she has any individual interest in the lands which she purported to convey. She undertook to convey the entire fee to the whole of the tract and whatever interest she had at the time of the execution of the deed was then and there conveyed to her grantee.

Obviously, the attempt to convey or the actual conveyance of her interest in the community estate could not be done to the detriment of invoking the equitable rule of estoppel by deed in order to hold the undivided one-half interest in the lands that was owned by Mrs. Galt.

They purchased this interest with their claim and debt against the estate. That was the only consideration that they paid and the deed under which they claim expressly cancels the debt and the lien against the tracts of land in controversy.

Assuredly the Insurance Company and its assigns "cannot eat the cake and keep it too"! The Insurance Company's claim against the estate of Ed E. Galt, deceased, no longer exists.

We see no merit in the contention of the Galt heirs that a jury on the former trial found that the inadequacy of the price paid by the Insurance Company was such that it shocked the conscience of the court, and that therefore the deed executed by Mrs. Galt was not effective to convey whatever interest she personally owned in the lands.

■ Our Supreme Court distinctly held on the former appeal that the title to the lands—both the title as to the estate's interest and as to Mrs. Galt's interest—was not involved in the prior suit and was not adjudicated, and this is obvious.

When called upon to test her title, in the instant case, Mrs. Galt raised no issue that could have secured for her a judgment cancelling the deed she executed to the Insurance Company and re-investing the title to her undivided one-half interest in her.

■ This she may have done, but, as we view it, she has waived her cause of action, if any she had.

This brings us to the claim of G. E. Fagg to an undivided one-half interest in a tract of 80 acres carved out of the 395 acres in controversy.

■ It seems settled in this state that the holder of a junior recorded deed has the burden of establishing, as against the holder of a senior unrecorded deed, the fact that he took title for a valuable consideration and without notice of the unrecorded instrument.

Such cases as Ryle et al. v. Davidson et al., 102 Tex. 227, 115 S.W. 28, and many others, support the rule.

In the case before us there is some testimony to the effect that the Insurance Company paid a valuable consideration for the deed from Mrs. Galt, but no testimony touching the issue of want of notice of Fagg's deed.

There is no evidence whatever as to the payment of any consideration by the plaintiffs below and appellants here, or of any want of notice of Fagg's deed.

■ They are assigns of the Insurance Company and our Supreme Court holds that the burden is upon them to prove these essential facts. The recitals in the instruments upon which they stand do not

constitute evidence in support of their claims; the evidence must be produced otherwise.

■ Therefore the judgment in favor of Fagg is affirmed, with this further observation on our part: Whatever interest Fagg obtained, whether it comes from the undivided interest of Mrs. Galt or from the estate of Ed E. Galt, deceased, which was attempted to be conveyed by the several heirs of Galt, is necessarily subject to the proven and allowed claims and debts against the said estate. No conveyance could be made that would defeat the rights of the creditors.

Jack P. Galt conveyed all his interest in the lands in controversy to N. E. Dupree on December 10, 1936, and Dupree conveyed to D. H. Dawson on the same date, and thereafter, by a deed, which we will consider as a deed of correction because Galt's wife did not join in the first deed to Dupree, Galt and wife conveyed all his interest to Dupree and Dawson on July 17, 1937.

■ At that time Jack Galt owned (⅓) one-third of an undivided ½ interest in and to the lands and the mineral interests and rights thereunder (with the exception of the undivided ½ interest in the royalty in the 80 acre tract theretofore conveyed to Fagg) and his deed of necessity conveyed to his grantee Dupree an undivided ⅙ interest in all that remained after the deed to Fagg. That interest appears to us to be an undivided ⅙ interest in and to the fee and mineral rights under 315 acres of the 395 acres, which remains after carving out the 80 acre tract in and under which there was conveyed to Fagg an undivided ½ interest in the royalty rights; and the deed to Dupree necessarily conveyed an undivided ⅙ interest in the surface rights in and to the said Fagg 80 acre tract; but we further hold that Dupree and his assign Dawson took such title subject to the payment of the proven debts and claims against the estate of Ed E. Galt, deceased.

■ So far as we are able to find, neither R. T. Wilkinson, Jr., nor W. N. Jones, Wiley Jones and C. N. Housh offered any proof of any interest in the lands involved; they filed formal answers, but the plaintiffs below made proof of title to the interest sued for and the trial court erred in not rendering judgment for the plaintiffs as against the four next above-named defendants.

So far as we can ascertain, these last named defendants neither claim nor have any interest whatever in the lands in controversy.

We therefore conclude that the trial court should have rendered judgment that the plaintiffs recover as against the defendants R. T. Wilkinson, Jr., W. N. Jones, Wiley Jones and C. N. Housh.

The judgment of the trial court dismissing the suit as to the named defendants who are creditors of the estate of Ed E. Galt, deceased, must be affirmed.

■ Obviously, in the suit before us, the rights of these creditors who have established claims against said estate in the Probate Court of Franklin County cannot be adjudicated. Their rights are lodged in such Probate Court which had jurisdiction to approve and allow them, as was done.

■ The judgment of the trial court dismissing the suit as to the defendant-creditors must be affirmed; and the judgment in favor of Fagg must be affirmed, and his rights thereunder are made subject to the debts against the estate of Ed E. Galt, deceased; and the judgment rendered against the plaintiffs must be reversed and judgment rendered for the appellants—plaintiffs below—vesting title in them in and to an undivided one-half interest in and to all the 395 acres described in plaintiffs' petition, and an undivided one-half interest in all of the minerals therein and thereunder (excepting therefrom the undivided one-half interest in the royalty owned by G. E. Fagg in the 80 acre tract described in Fagg's cross-petition). And as to such 80 acre tract, the title to the surface rights therein is vested as follows: an undivided one-half interest therein is vested in the plaintiffs (appellants) and the title to an undivided one-fourth interest in and to the mineral and royalty rights therein and thereunder is vested in the said plaintiffs, subject to the rights of the said creditors.

It is obvious that Jack Galt and wife attempted and intended to convey to Dupree such interest only as he inherited from his deceased father, and this he could do pending the administration proceedings, but such conveyance could not take the property conveyed out of administration, and the grantee would take title subject to the debts and claims against the estate.

There is no conflict of interests as between Dawson, the assignee of Dupree, and the appellants—plaintiffs below. Appellants are seeking to recover the interest they claim to have acquired from such title as was conveyed by Mrs. Myra Galt, individually, and Dawson is claiming whatever interest he may have acquired from Jack Galt, a son of Ed E. Galt, deceased; but the plaintiffs, in such a proceeding as we have here, are entitled to recover, if a recovery be had, as against all named defendants in order to establish their rights.

It is the judgment of this court that the judgment of the trial court in favor of G. E. Fagg and the judgment dismissing as to the named creditors be affirmed; and that the judgment of the trial court denying the plaintiffs all right of recovery is reversed and the cause is remanded to the trial court with instructions to render judgment for said appellants in accordance with the holdings herein made.

Affirmed in part and reversed and remanded in part, with instructions.