"This Exhibit No. 5, if applied to a fetus of two or three months could spread it all to pieces. It depends on the way it is used. It could mash it to a pulp. That is one of the biggest I have ever seen."

Officer Jay Higdon testified that Exhibit 5 and other tools and instruments were found under the mattress of the bed; that the instruments were bloody and had flesh on them.

■ Such testimony, together with the other facts and circumstances, this being a circumstantial evidence case, are sufficient to show that the life of the fetus was destroyed in connection with the abortion, and to sustain the jury verdict under the court's charge.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.

## CITY OF DUBLIN v. TATUM.

### No. 2818.

Court of Civil Appeals of Texas. Eastland.

Sept. 8, 1950.

Rehearing Denied Sept. 29, 1950.

C. O. McMillan, Stephenville, Dick Harbin, Dublin, for appellant.

G. H. Williamson, Stephenville, for appellee.

LONG, Justice.

The City of Dublin instituted this suit against Troy Tatum seeking an injunction requiring Tatum to remove a fence obstructing an alleged public street in the City and to declare the land fenced to be a public passageway and street. The City alleged that Tatum, without the permission or consent of the governing body of the City of Dublin, obstructed DeAlva Street in said City by erecting a fence around a portion of said street. It alleged that the land

so enclosed had been used as a roadway more than ten years and that such use had been adverse to Tatum and his predecessors in title, had been continuous, uninterrupted and notorious, and alleged other facts sufficient to show an easement and right-of-way by prescription and limitation. Tatum answered by general denial and also alleged that the land in controversy was not any part of DeAlva Street or any other street in the City of Dublin; that if any part of such land was used by the public as a street, it was so used by permission of Tatum and his predecessors in title. The jury, in answer to special issues, found (1) that the City and the public in general have not adversely used the roadway in question under claim of right, open, continuous and uninterrupted for any continuous period of ten years before the 4th day of July, 1949. (2) That the roadway in question did not have a well defined course during the whole of the ten year period. (3) That the field notes set out in plaintiff's petition did not correctly describe the roadway as it existed on the ground during said ten year period. (4) That the defendants or their predecessors in title did not impliedly dedicate said roadway to the use of the public. (5) That Tatum used the way over the land in question for his own convenience throughout the period of time. (6) That the use of the land by the public was by the permission of Tatum. Based upon the above findings, the court rendered judgment that the City take nothing by its suit and vested the title to the land in Tatum. From this judgment the City has appealed.

The City takes the position that the uncontroverted evidence shows that the land in question had been used as a street and passageway by the public peaceably and adversely to defendant and his predecessors in title for a period of more than ten years. Further, that the uncontroverted evidence shows an implied dedication of the land as a street.

On August 23, 1920, S. J. Harber and wife executed a deed to D. W. Shaheen, Mayor, for the use of the City of Dublin covering a strip of land 50 feet wide to be used as a street known as DeAlva Street. Thereafter, on February 16, 1926, Harber and wife conveyed to L. B. Millner 2.75 acres of land which paralleled the north line of DeAlva Street for a distance of 350 feet. On the 15th day of September, 1945, Millner and wife conveyed to Tatum the same 2.75 acres of land that was conveyed to them by Harber and wife. As we understand the record, the 50 foot strip conveyed by Harber and wife to the City of Dublin is not a part of the land involved in this case. The 50 foot strip is now available to the City as a street. The land involved here is a part of the land conveyed to Tatum by Millner on September 15, 1949.

There was much evidence introduced by both sides. We have concluded from a close study thereof that this is a fact case and that the position of the City that the evidence conclusively establishes a roadway by prescription and limitation is not well taken. We will not attempt to set out the evidence in detail but we have concluded that an issue of fact was raised. The jury, having found such facts against the contention of the City, we believe we are unauthorized to disturb their findings. They have support in the evidence and are approved by the trial court. The law is well settled that to acquire an easement by prescription, the public must have uninterruptedly used a way under adverse claim of right for the statutory period of limitation. It is further the law that the use of a way with the permission of the owner will never ripen into prescription. Boone et ux. v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842.

The jury found that the way was used by Tatum along with the general public for his own convenience and that the use by the public was by permission of Tatum. These findings have support in the evidence. Under such circumstances, the City acquired no easement by prescription. Ladies' Benev. Soc. of Beaumont v. Magnolia Cemetery Co., Tex.Com.App., 288 S.W. 812; 15 Tex.Jur. 792.

By other points the City contends the court erred in vesting title in Tatum to the land in controversy because there are neither pleadings nor evidence to show title. We do not agree with this contention.

Tatum pleaded ownership of the land involved and prayed that his title be quieted. He placed in evidence deeds which established his title. We have carefully considered this case and believe that reversible error is not shown in the points presented.

The judgment of the trial court is affirmed.