Paul DECUIR, Appellant,

v.

H. H. HOUSEMAN, Appellee.

No. 6157.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 20, 1958.

Rehearing Denied March 12, 1958.

A. M. Huffman, Beaumont, W. P. Sexton, Orange, for appellant.

Hustmyre & Harris, Graham Bruce, Orange, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from a judgment on the verdict of the jury in a trespass to try title case in the District Court of Orange County. The appellant Decuir brought suit for title and possession of a 75-acre tract of land out of the I. & G. N. R. R. Survey, Section 17, and in his petition pleaded the 10 years statute of limitation, Vernon's Ann.Civ.St. art. 5510. The defendant in the trial court was the appellee Houseman, who filed a formal answer, including plea of not guilty.

At the conclusion of the testimony the court submitted in its charge only the issue of 10 years peaceable and adverse possession, and the jury by its verdict found against the appellant. Thereafter the appellant filed a motion for judgment non obstante veredicto, the basis of which motion was that the evidence showed that the appellant had prior possession of the land sued for; that the evidence showed no record title to the land in either appellant or appellee, and such prior possession created a presumption of title and ownership of said land in the appellant and that he was entitled to recover the land because of such prior possession and his presumptive ownership. The appellant had made no objection to the court's charge and had not requested the submission to the jury of any special issues on the question of his prior possession of the land. The trial court overruled the motion for judgment non obstante veredicto and entered judgment for the appellee on the jury's verdict. The appellant thereafter duly perfected his appeal to this court.

Appellant brings his appeal under four points of error, which are as follows:

"First Point of Error

"It having been conclusively shown as a matter of law that title to the property sued for had passed out of the State of Texas and that plaintiff had been in actual possession thereof for many years, and that defendant was a trespasser without title, the trial court erred in not granting motion to enter judgment in his favor non obstante veredicto.

"Second Point of Error

"The trial court erred in overruling plaintiff's motion for judgment non obstante veredicto and entering judgment for the defendant for the reason that the evidence of both plaintiff and defendant established that plaintiff had prior possession of the land, which entitled him to judgment therefor against the defendant, a naked trespasser, without title.

"Third Point of Error

"The evidence having established conclusively that plaintiff had such possession of the land in controversy as would create presumption of title in him, such presumption entitled him to have judgment entered in his favor against the defendant, who had no title, and the trial court erred in overruling plaintiff's motion for judgment non obstante veredicto.

"Fourth Point of Error

"The prior possession of plaintiff in the absence of any proof of title in defendant entitled plaintiff to recover judgment for the land sued for, and the trial court erred in not granting his motion for judgment non obstante veredicto."

Appellant presents all of his four points together and we also so consider them, since the basic argument presented is that the evidence was such that the appellant, as a matter of law, was entitled to judgment, notwithstanding the finding of the jury against him on his claim of title by

adverse possession under the 10 years statute of limitation.

The parties stipulated at the beginning of the trial that there was a patent to the land in suit from the State of Texas, and that there is of record in Orange County a regular chain of title from the sovereignty of the soil down and into Nora Lee Ward and Stanford Ward, that Nora Lee Ward died intestate in 1937 and at the time of her death she was married to Stanford Ward and had no children. It was also stipulated that appellee Houseman, in 1952, sold part of the timber on the tract for $5,050.

The plaintiff introduced testimony of various witnesses showing that he had fenced the land, used it for pasture purposes from 1932 to 1945; that although he removed his cattle therefrom in 1945, he kept his fence up in good state of repair until 1949 when it was abandoned for pasture purposes. The appellee also introduced a large amount of evidence, tending to show that the pasture fence was not kept in a continuous state of repair and that the appellant's use and occupancy of the land was not continuous and adverse; there was some testimony that Decuir had told a witness that he was using the land through the permission of the Wards.

The appellant himself testified that he fenced the land in suit in 1932, finishing the fence about August 31st; that he had no claim to the land before 1932, but that he claimed it at the time he fenced it, that it was not his property but he fenced it.

The evidence did not show record title in either the appellant or the appellee but on the contrary, by stipulation of the parties, there was an outstanding record title in Mrs. Ward as late as 1937.

We do not consider this evidence as being such that the appellant should have judgment for title and possession as a matter of law. The theory upon which a plaintiff in an action of trespass to try title, who has established prior possession, is permitted to recover as against a trespasser is that such possession raises a presumption of ownership. The doctrine of a right to judgment for title and possession because of prior possession is a rule of evidence and not of property. It does no more than give rise to a presumption of ownership, and such presumption is rebutted by showing a lack of title in such person showing prior possession. His adversary is not required to show title in himself. Garza v. Garza, Tex.Civ.App., 297 S.W.2d 874; Cariker v. Knox, Tex.Civ.App., 276 S.W.2d 365; Canales v. Clopton, Tex.Civ.App., 145 S.W. 2d 933.

In the instant case if all of the testimony in behalf of appellant in regard to his adverse possession of the land had been undisputed, which was not the case, still at the time Decuir testified he fenced the land in 1932 the record title was outstanding in someone else, and he had no claim to the land until he fenced it, according to his own testimony. Because of these facts the inference of title in him because of his possession is completely rebutted.

There was considerable controversy in the evidence in regard to Decuir's possession and claim of ownership of the land. In order to show himself entitled to judgment on the theory of prior possession the appellant was under the burden of showing that his possession of the property was of such a nature that reasonable minds could draw but one inference and that no jury finding thereon would be required. The evidence, as we see it, was of such a conflicting nature that had an issue been submitted to the jury in regard to the prior possession of the appellant the jury's finding against him would have been supported by the evidence.

We believe the points presented by the appellant show no error in the action of the trial court in overruling the motion for judgment non obstante veredicto. We also believe the judgment, based on the verdict of the jury, was proper under the record before us and should be affirmed.

The judgment is affirmed.