Adolph REINHARDT et ux., Appellants,

v.

Hartense NORTH, Appellee.

No. 5302.

Court of Civil Appeals of Texas, Waco.

March 6, 1974.

Rehearing Denied April 11, 1974.

Vance, McMullen & Connally, Andy J. McMullen, Hamilton, for appellants.

Andrew Campbell, Hamilton, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Reinhardt from judgment they take nothing from defendant North in a trespass to try title suit to 1.80 acres in Hamilton County.

Plaintiffs filed suit in trespass to try title against defendant, alleging they were fee simple owners to 100.69 acres in the Giles O. Sullivan survey in Hamilton County; and that defendant on January 7, 1970 unlawfully entered upon and dispossessed plaintiffs of such premises. Plaintiffs plead in the alternative they held title to the described property by virtue of the 3, 5, 10 and 25 years statutes of limitations. Defendant answered by plea of not guilty, and further plead title by virtue of the 5, 10, and 25 years statutes of limitations, and prayed that plaintiff take nothing.

The suit resolved into a controversy over 1.80 acres located north of the Leon River between lands admittedly owned by plaintiffs and defendant, and shown on the schematic diagram as follows:

99.4 acres of defendant North

1.80 acres → in controversy

Leon River

Leon River

100.69 acres of plaintiffs Reinhardt

Trial was before the court without a jury which rendered judgment plaintiffs take nothing; and decreed fee simple title to the 1.80 acres vested in defendant.

The trial court filed Findings of Fact and Conclusions of Law, pertinent of which we will notice later.

Plaintiffs appeal on 50 points contending that the trial court erred in its Conclusions of Law 3 and 4; and that there is no evidence or insufficient evidence to support the trial court's Findings of Facts 9, 10, 11, 12, 13, 14, 15, A, B, C, G, H, I, K, L and 1–A.

Plaintiffs purchased 100.69 acres from the Lawson heirs in 1969. The 1.80 acres in controversy is included within plaintiffs' deed. Defendant purchased her tract of 99.4 acres which is north of plaintiffs' tract from Mrs. Thomas in 1964. Mrs. Thomas and her husband purchased the tract in 1942 from the Andersons. All land claimed by plaintiffs is south of the Leon River except the 1.80 acres in contro-

versy. All defendant's land is located north of the river. Defendant contended the disputed tract was within boundaries conveyed to her, and enclosed within the boundaries she and her predecessors in title had owned, claimed, and used peaceably and adversely for more than 70 years.

There was no stipulation between the parties as to common source of title and no evidence to establish common source of title.

The trial court as noted filed Findings of Fact and Conclusions of Law, *the following of which are not complained of by plaintiffs.*

### Findings of Fact

1) Plaintiffs did not establish a regular chain of fee simple title to the land in question to plaintiffs from the sovereignty of the soil.

2) The record title to the land introduced by plaintiffs revealed many breaks in the chain from the sovereignty of the soil to plaintiffs and their predecessors in title.

3) There was no agreement or stipulation as to common source of title between plaintiffs and defendant.

4) There was no evidence showing common source of title to the land in dispute between plaintiffs and defendant.

5) There was no ouster of plaintiffs from possession of the land by defendant.

6) There was no unlawful entry by defendant on the land.

6A) Plaintiffs failed to establish that the 1.80 acres of land in controversy was not a part of the 3 acre tract conveyed to defendant by Kitty Foye Thomas, a widow, in 1964.

7) Neither plaintiffs nor their predecessors in title or persons under whom they claim, cultivated the land in question for any consecutive 3 year, 5 year, 10 year or 25 year period of time.

8) Neither plaintiffs nor their predecessors in title or persons under whom they claim title, maintained any fences or enclosures around the land for any consecutive 3 year, 5 year, 10 year or 25 year period of time.

### Conclusions of Law

1) The evidence failed to show record title in plaintiffs to the land in controversy by a regular, unbroken chain of title from the sovereignty of the soil.

2) The evidence of plaintiffs did not establish title to the land in controversy in plaintiffs under the 3 year, 5 year, 10 year or 25 year statute of limitations.

██ Plaintiffs in a trespass to try title suit may rely on record title from the sovereignty of the soil, title from common source, or title by limitation; and plaintiffs right to recover depends on the strength of their own title, and not on the weakness of defendant's title. McDonald v. Batson, Tex.Civ.App., NWH, 501 S.W. 2d 449; Adams v. Rowles, 149 Tex. 52, 228 S.W.2d 849; Halbert v. Green, 156 Tex. 223, 293 S.W.2d 848; Permian Oil Co. v. Smith, 129 Tex. 413, 73 S.W.2d 490, 107 S.W.2d 564.

█ The uncomplained of Findings of Fact have support in the evidence; the uncomplained of Conclusions of Law are correct; and the judgment is correct.

Plaintiffs' points are overruled.

Affirmed.