Frank KATZ, Appellant,

v.

Domingo RODRIGUEZ et al., Appellee.

No. 1230.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 29, 1977.

Opinion on Rehearing and Dissenting
Opinion Feb. 23, 1978.

Rehearing Denied March 8, 1978.

O. B. Garcia, Garcia & Warburton, Brownsville, for appellant.

## OPINION

YOUNG, Justice.

This is a suit to quiet title. Jose Silva and wife, Maria G. Silva, together with Domingo Rodriguez and wife, Minerva S. Rodriguez, claiming fee simple ownership of contiguous tracts of four acres and one acre, respectively, out of Block 33, Rio Hondo Park Townsite in Cameron County, sued Frank Katz seeking to have a deed conveying to him a certain 208.71 feet × 208.71 feet tract out of the southeast corner of Block 33, containing one acre, cancelled as a cloud on their title. In the alternative, they claimed title to such acreage by virtue of adverse possession under deeds with payment of taxes thereon for five years.

Block 33 contains five acres. The entire block was purchased by the Silvas from Paciano Morin and wife on February 12, 1960. On February 1, 1974, the Silvas transferred an acre out of the block's southeast corner to plaintiffs Rodriguez. The deed of the one-acre tract to defendant Katz antedates the deed to the Silvas by two years, being dated February 7, 1958. Although the Rodriguez deed and the Katz deed both embrace one acre out of the southeast corner of Block 33, the Katz acre

is a square 208.71 feet × 208.71 feet, while the Rodriguez acre is a rectangle 435.6 feet × 100 feet.

The case was tried to the court without a jury. The trial court rendered judgment quieting the plaintiffs' title to their respective tracts and removing the cloud cast on their title by the defendant's deed. Katz appeals. We affirm.

The trial court made the following findings of fact.

"1. Defendant Katz purchased the one-acre tract in question on February 7, 1958.

2. Plaintiffs Silva purchased the five acre tract in which the one acre tract in question is situated on February 12, 1960.

3. Plaintiffs Silva conveyed the one acre tract in question to Plaintiffs Rodriguez on February 1, 1974.

4. Plaintiffs have possessed the entire five acre tract since February 12, 1960 to this date.

5. Plaintiffs have paid the property taxes on the five acre tract.

6. Plantiffs have traced their title to a date prior to the year 1920 but did not trace title to the sovereignty or a common source.

7. Defendant has not paid for any property taxes since February 7, 1958.

8. Defendant has not been in possession of the one acre tract at no time since February 7, 1958.

9. Defendant has not traced title to any source, other than his deed of transfer."

From those findings the trial court concluded that the plaintiffs have superior title to the one-acre tract in question.

Appellant brings forward six points of error. His first and second points challenge the judgment because the plaintiffs failed to trace their title to the sovereign or to a common source. Appellant argues that his answer controverted plaintiffs' averments as to title, therefore plaintiffs were required to trace their title to the sovereign or to a common source; that plaintiffs did not do so and therefore as a matter of law appellant was entitled to judgment.

A suit to remove cloud from title or suit to quiet title is different from an action in trespass to try title. A suit in trespass to try title is statutory and accords a legal remedy, while a suit to remove cloud or to quiet title accords an equitable remedy. *Standard Oil Co. v. Marshall*, 265 F.2d 46 (5th Cir. 1959), cert. denied, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185 (1959). See Leopold, Texas Land Titles: Part II, 7 St. Mary's L.J. 58, 116 (1975). Trespass to try title is an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession. *Standard Oil Co. v. Marshall*, supra. In this action no other principle is more pervasive than that which requires the plaintiff to recover on the strength of his own title; proof that the defendant has no title is insufficient for recovery. *Halbert v. Green*, 156 Tex. 223, 293 S.W.2d 848 (1956); *State v. Noser*, 422 S.W.2d 594 (Tex.Civ.App.— Corpus Christi 1967, writ ref'd n. r. e.). Plaintiff may meet this burden in one of four ways: 1) he can show title emanating from the sovereignty of the soil to himself; or 2) he can show title in himself emanating from a common source to which the defendant claims; or 3) he may show title through limitations; or 4) he can show prior possession antedating defendant's possession. *Reinhardt v. North*, 507 S.W.2d 589 (Tex.Civ. App.—Waco 1974, writ ref'd n. r. e.); *State v. Noser*, supra; *Dimwitty v. McLemore*, 291 S.W.2d 448 (Tex.Civ.App.—Dallas 1956, no writ).

A suit to quiet title requires the allegation of an adverse claim. The gravity of that claim must be sufficient to place the property owner into a position that if such claim is asserted, it may cast a cloud upon his enjoyment of the property. *Mauro v. Lavlies*, 386 S.W.2d 825 (Tex.Civ.App.— Beaumont 1964, no writ); *Texas Development Co. v. Hodges*, 237 S.W.2d 436 (Tex. Civ.App.—Amarillo 1951, no writ). Although claimant must base his action on the strength of his own title, *Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705 (5th Cir. 1951), cert. denied 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687 (1952), he is not required

to trace his title to either the sovereign or to a common source, as argued by defendant. *Dalton v. Davis*, 1 S.W.2d 571 (Tex. Comm'n App.1928, holding approved); *Texas Development Co. v. Hodges*, supra; *Lee v. Grupe*, 223 S.W.2d 548 (Tex.Civ.App.— Texarkana 1949, no writ). It is clear that the claimant must show an interest of some kind, but it is error that the claimant must show fee simple or uncontestable interest to prevail in a suit to remove cloud on title or to quiet title. *Dalton v. Davis*, supra; *Lee v. Grupe*, supra.

■ In the present suit the trial court in the findings of fact determined: (No. 6) that the plaintiffs have traced their title to 1920; (No. 2) that they acquired their title through purchase on February 12, 1960; and (No. 4) that the plaintiffs have possessed the five acre tract from February 12, 1960 to April 28, 1977. Of those findings of fact only finding No. 4 is challenged on appeal. Even if finding No. 4 is erroneous, the unchallenged findings No. 2 and No. 6 constitute undisputed facts and are binding on the appellant as well as this Court. *Bilek v. Tupa*, 549 S.W.2d 217 (Tex.Civ.App.— Corpus Christi 1977, writ ref'd n. r. e.); *McKenzie v. Carte*, 385 S.W.2d 520 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). This evidence constitutes sufficient proof to show that the plaintiffs owned the land described in their petition and that they have superior title thereto. *Dalton v. Davis*, supra; *Lee v. Grupe*, supra.

■ Defendant would have us hold that his answer of "not guilty" controverts plaintiffs' title thereby placing the burden of tracing their title to the sovereignty or to a common source. This would be true if plaintiff had brought suit in trespass to try title. But the case before us has been pled as a suit to quiet title or to remove cloud. And in that instance, as we have noted, the plaintiffs are not required to trace their title to the sovereignty or to a common source. Appellant's first and second points are overruled.

■ Appellant's third and fourth points attack the trial court's judgment as based on findings indicating adverse possession by appellees under the five-year statute of limitation, codified as Tex.Rev.Civ. Stat.Ann. art. 5509 (1958). We agree with appellant in that title cannot be claimed under Article 5509 where taxes are paid after becoming delinquent, as is the case here. *Houston Oil Co. v. Jordan*, 231 S.W. 320 (Tex.Comm'n App.1921, jdmt. adopted); *Churchman v. Rumsey*, 166 S.W.2d 960 (Tex.Civ.App.—Amarillo 1942 error ref'd w. o. m.). Any error asserted under these points is harmless error, however, in that appellees, as we have previously noted, are entitled to judgment based on other of the trial court's findings. Appellant's third and fourth points are overruled.

■ In his fifth point the appellant contends that the trial court erred in permitting the appellees to testify that they owned the lands embracing the one-acre tract described in appellant's deed, because such evidence was hearsay and therefore inadmissible. If the trial court's action was error, it was harmless error. This is so because the appellees produced certified copies of deeds relied upon by them as affecting the course of their title. Those instruments were admitted into evidence by the trial court and there is no complaint of such action on appeal. See McCormick & Ray, Texas Evidence § 1568 (2d ed. 1956). Appellant's fifth point is overruled.

■ Finally, the appellant asserts, in his sixth point, that the trial court erred in rendering judgment removing the cloud cast on appellees' lands by appellant's deed because appellees failed to locate the appellant's one-acre tract in relation to the location of appellees' lands in Block 33. We have reviewed the record and we are of the opinion that this contention is without merit. Appellant's sixth point is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

■ On motion for rehearing, defendant contends that we erred in finding that only

the trial court's finding of fact No. 4 is challenged on appeal. He says that he specifically excepted to findings No. 3 through No. 9 as shown by the transcript. Defendant did except to all of those findings in the trial court. Unless the trial court's findings of fact are challenged *by point of error on appeal,* however, they are binding on the appellate court. *Bilek v. Tupa,* 549 S.W.2d 217 (Tex.Civ.App.—Corpus Christi 1977 writ ref'd n. r. e.); *McKenzie v. Carte,* 385 S.W.2d 520 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). Therefore, defendant's assignment of error relating to findings of fact challenged on appeal is overruled.

Again, in his motion for rehearing, defendant urges that the trial court's judgment in favor of the plaintiffs should be reversed because the plaintiffs failed to trace their title to the sovereign or to a common source. Other than the reasons we set forth in our original opinion there is another reason why the plaintiffs have superior title. That reason is prior possession. *Katz v. Maddox,* 256 S.W.2d 249 (Tex.Civ. App.—San Antonio 1953, writ ref'd n. r. e.).

In *Katz,* the plaintiff there had actual possession for no longer than two years, but the plaintiff's possession was prior to that of the defendants even though not long enough for a limitation title. The plaintiff there paid the taxes, but there is no indication whether the taxes were paid before they became delinquent. One of the defendants obtained a deed from a third party. The appellate court there held that plaintiff was entitled to have title quieted in him by virtue of prior possession despite the plaintiff's failure to prove title from the sovereign or common source.

In the instant case the plaintiffs proved possession for several years by farming and living on the property. The type and manner of possession, however, was not sufficient to establish title by limitation. The plaintiffs paid the taxes, even though not before the taxes became delinquent. The defendant obtained a deed from a third party, but the trial court made a finding, unchallenged on this appeal, that defendant had possession at no time. So the plaintiffs established that their possession was the only possession, as between the parties to this suit. Consequently the plaintiffs here like the plaintiff in *Katz,* are entitled to recover based on prior possession even though they failed to prove title from the sovereign or common source.

We have carefully considered all of defendant's assignments of error contained in his motion for rehearing and find that they are without merit. Defendant's motion for rehearing is overruled.

NYE, Chief Justice, dissenting.

The original dissent filed in this case is withdrawn and the following dissent is substituted therefor.

I respectfully dissent because the judgment of the trial court cannot be upheld for the reasons that plaintiffs did not prove either a superior title in themselves or the wrongful cloud on that title in the defendant.

The defendant obtained a general warranty deed from the Nycum Gin Company, Inc., a Texas corporation, which conveyed to him by metes and bounds, a tract of land out of Block 33 in a subdivision of Rio Hondo Park Townsite located on the Arroyo, Colorado in Cameron County, Texas, on the 7th day of February, 1958. There were two sets of plaintiffs. Plaintiffs Jose Silva and wife, Maria G. Silva, claimed a portion of Block 33 of this subdivision in a deed dated February 12, 1960. The other plaintiffs Domingo Rodriguez and wife, Minerva S. Rodriguez, claimed a portion of Block 33 in a deed from the Silvas dated February 1, 1974.

The majority states that it will not consider defendant's complaints concerning some of the trial court's findings of fact because the defendant failed to challenge such findings by specific points of error in his brief on this appeal. Although I doubt if the specific complaint is absolutely necessary for a reversal in this case, I hate to see the majority depart from the familiar rules that we have always followed in this court

in the past. Rule 422 required us to liberally construe the briefing rules in the interest of justice. We have always been committed to this liberal construction of the briefing rules and in every case we have considered points of error where the brief acquaints the Court with the error relied upon: a) by the arguments; b) by the recitations of the facts; c) and by the law as contained in the appellant's brief and the answer (if any) of the appellee. Appellant's brief does exactly this. The appellees on the other hand did not even care to answer the appellant's brief by written reply nor did they appear for oral argument. The two cases cited by the majority are not even in point for the reason cited in the opinion. But see: *Frambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943); *Charlie Thomas Courtesy Ford v. Sid Murray Agency*, 517 S.W.2d 869 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Bookout v. Pugh*, 513 S.W.2d 281 (Tex.Civ. App.—Corpus Christi 1974, no writ); *Blackmon & Associates, Inc. v. Palmer Building*, 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Weeks v. Heinrich*, 447 S.W.2d 688 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.); *Holzapfel v. Brueggman*, 404 S.W.2d 916 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.). The defendant's brief sufficiently attacks the trial court's findings No. 6 and 5, in addition to finding No. 4, and he also adequately shows by argument and law the reversible error committed by the trial court.

In a quiet title action to remove a cloud on title, the plaintiff must base his action on the strength of his own title and he must allege an adverse claim in the defendant which makes a charge upon the land of the plaintiff who is the true owner of the land. The burden of proof is always on the plaintiff throughout the trial. He must prove both superior title and a wrongful cloud on that title by the defendant. 7 St. Mary's L.J. pp. 117–121, Suit to Quiet Title; 47 Tex.Jur.2d, Section 28, pp. 554–555. The majority overlooks the plaintiff's burden to prove the superiority of his own title in order to be entitled to prevail.

The majority states that in a suit to quiet title the claimant is *never* required to prove the superiority of his own title by tracing his title to either the sovereign or a common source. This could only be so if there was no evidence of a record title in the adverse party, e. g., *City of Dublin v. Tatum*, 232 S.W.2d 740 (Tex.Civ.App.—Eastland 1950, no writ); *McDonald v. Galt*, 173 S.W.2d 962 (Tex.Civ.App.—Forth Worth 1943, error ref'd). In the case before us, however, it was conclusively established that a record title was in the defendant. The plaintiff introduced defendant's warranty deed into evidence which was prior in time to plaintiffs' deeds. This showed prima facie legal title in the defendant. Thereafter it was incumbent upon plaintiffs to rebut the prima facie case thus made and show superior title in themselves. *Dittmar v. Alamo Nat. Co.*, 91 S.W.2d 781 (Tex.Civ. App.—El Paso 1936, aff'd); 132 Tex. 44, 118 S.W.2d 298 (1938); and see *Hines v. Thorn*, 57 Tex. 98 (1882).

The plaintiffs in their suit claim fee simple title to specific acreages and sought to prove superior title in themselves by introducing a series of deeds dating back to approximately 1920, but not to a common source. Even with such deeds in the record before us, there was a break in the middle of the chain of plaintiffs' title. The record before us is thus silent as to those missing intervening years where it was possible that defendant grantor could have obtained good title from those in plaintiffs' prior chain. But we have no way of knowing from the present record. See e. g., *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224, 226 (Tex.Civ.App.—San Antonio 1951, writ ref'd); *Felts v. Whitaker*, 129 S.W.2d 682, 685 (Tex.Civ.App.—Fort Worth 1939, aff'd); 137 Tex. 578, 155 S.W.2d 604 (1941). All of the deeds introduced by plaintiffs including defendant's deed, had been recorded in the deed records of the county. The superiority of plaintiffs' titles, therefore, could not be determined by a partial tracing of plaintiffs' chain of title and ignoring entirely defendant's chain of title. See 6 St. Mary's L.J. 802, pp. 824–33

"Texas Land Titles"; Olds, the Scope of the Texas Recording Act, 8 S.W.Law J. 37 (1954).

The majority say that plaintiffs' title was not in issue. This is not so. The plaintiffs' title was directly placed in issue by defendant's general denial and by his plea of not guilty. The general rule in Texas is that in suits to quiet title, where the plaintiff's title has been so controverted, the plaintiff must prove that his title is superior out of a common source or, in the alternative, by deraignment from the sovereignty of the soil. 47 Tex.Jur.2d, Quieting Title § 27 (1963) and cases cited therein. *Ellison v. Butler,* 443 S.W.2d 886 (Tex.Civ.App.—Corpus Christi 1969, no writ); *McGuire v. Bond,* 271 S.W.2d 508 (Tex.Civ.App.—El Paso 1954, writ ref'd n. r. e.); *Perry v. Venable,* 112 S.W.2d 1069 (Tex.Civ.App.—El Paso 1938, writ dism'd); *Atkinson v. Shelton,* 160 S.W. 316 (Tex.Civ.App.—Texarkana 1913, writ ref'd); and *Ballard v. Carmichael,* 17 S.W. 393 (Tex.Sup.1891). This rule is particularly persuasive in cases such as the present one, where deeds are in evidence which on their faces show fee simple title in defendant as well as in plaintiff.

The only exception to this rule that I could find was in a boundary dispute case where the claimant's chain of title was actually not in issue and the common source was not important. See *Lee v. Grupe,* 223 S.W.2d 548 (Tex.Civ.App.—Texarkana 1949, no writ). There is no relevancy to the issue before us in the other cases cited by the majority. See *Dalton v. Davis,* 1 S.W.2d 571 (Comm'n App.—1928, holding approved). (Question of whether plaintiffs' pleadings conformed to the Court's judgment). *Texan Development Co. v. Hodges,* 237 S.W.2d 436 (Tex.Civ.App.—Amarillo 1951, no writ). (Plea of privilege case where adverse claimant asserted a sufficient contractual interest in plaintiff's fee simple title to constitute a cloud for venue purposes under Subdivision 14 of Article 1995). The trial court in its findings of fact admits that plaintiffs failed to trace title to the sovereign or a common source, and the trial court did not make a single other fact finding that would support the legal conclu-

sion that plaintiffs had superior title. At the minimum, plaintiffs' burden of proof required them to trace both chains of title back to a point where the trial court could determine who had the superior title. This was not done.

Although the plaintiffs attempted to prove title by adverse possession, the record fails to show that they met the statutory requirements either by possession, the payment of taxes, or by proper pleadings.

The original majority opinion holds that the trial court judgment could be affirmed on two bases: 1) that plaintiffs proved a superior title because some of the deeds from plaintiffs' predecessors in title antedates the defendant's warranty deed, and 2) that the plaintiffs were not required to prove the wrongful title of the defendant because the general denial and plea of not guilty did not (by way of pleading) controvert the plaintiffs' alleged superior title or put such title in issue. They do not cite a single authority to substantiate either of these holdings. This, I believe, is error.

In the new opinion on motion for rehearing, the majority is now attempting to rely on prior possession as an additional reason to affirm the judgment of the trial court, based solely on *Katz v. Maddox,* 256 S.W.2d 249 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.). The majority's interpretation of *Katz* is also error.

A careful reading of *Katz* reveals the following reason for that court's finding of superior title based upon prior possession: quoting from Justice Pope's opinion from the San Antonio Court of Civil Appeals, he said:

"Despite plaintiff's failure to prove title from the sovereign or common source, he (plaintiff) may recover by virtue of prior possession *since there is no proof of title in the defendants.*" (emphasis added).

Clearly the rule announced in *Katz* would not apply to this case where the defendant's proof of title was in evidence by a general warranty deed to the defendant and such title was filed of record prior to plaintiffs' deeds. Additionally, the "prior possession"

rule is not a rule of property, but a rebuttable presumption of evidence which applies only where there is no showing of title in the defendant. See: *Lorino v. Crawford Packing Co.,* 142 Tex. 51, 175 S.W.2d 410, 413 (1943); *Turner v. Cunningham,* 158 S.W. 176 (Tex.Civ.App.—Dallas 1913, no writ). Accord, *Decuir v. Houseman,* 310 S.W.2d 591, 593 (Tex.Civ.App.—Beaumont 1958, writ ref'd n. r. e.); *Dimwitty v. McLemore,* 291 S.W.2d 448, 451 (Tex.Civ.App.—Dallas 1956, no writ); *Ballingall v. Brown,* 226 S.W.2d 165, 171 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.).

I would reverse the judgment of the trial court and render a take nothing judgment.